UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

06-802 C

STEVE TILLMAN PLAINTIFF

VS. CIVIL ACTION NO. 3:05cv228LS

UNITED STATES DEPARTMENT
OF AGRICULTURE AND KENNETH MEACHAM DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on motion of defendants the United States Department of Agriculture (USDA) and its employee, Kenneth Meacham, to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively, for summary judgment pursuant to Rule 56. Plaintiff Steve Tillman has responded in opposition. Having considered the memoranda of the parties, the court concludes that plaintiff's tort claims are due to be dismissed and his contact claims should be transferred to the Court of Federal Claims.

This case arises out of a Rural Housing Loan made to Edna M. Tillman, plaintiff's deceased mother, in 1983 which was secured by a deed of trust on her home. In December 1998, Edna Tillman was placed in a nursing home and remained there until her death five years later, in August 2003. It appears that at some point in time, plaintiff Steve Tillman began residing at the property with his mother and remained there after she entered a nursing home.

According to defendants, while plaintiff did make some payments on the loan, the account was delinquent and in default. Thus, in June 2004, the USDA sent plaintiff a notice of

acceleration for nonpayment and advised him of its intent to foreclose. The foreclosure sale was ultimately scheduled for March 14, 2005; however, plaintiff filed the instant lawsuit against the USDA and Kenneth Meacham[1] that same day, seeking to cancel the sale.

In his complaint, plaintiff asserts that he made payments to the USDA for his mother's home, but defendants refused to accept the payments and sought foreclosure. He contends that defendants did not "inform the heirs of their rights to said property as required by Mississippi law," and he charges that defendants' conduct constituted a breach of contract, a breach of the implied covenant of good faith and fair dealing, and a breach of fiduciary duties. He further alleges that defendants engaged in fraudulent misrepresentation and/or omission and negligent misrepresentation and/or omission and that such acts were unconscionable. In his complaint, he is seeking unspecified compensatory and punitive damages.

In light of plaintiff's suit, the USDA canceled the foreclosure sale pending resolution of the instant litigation, removed the case to this court, and subsequently filed an answer to plaintiff's complaint. Now, defendants have filed the instant

---

[1] Defendants submit that Kenneth Meacham was acting within the scope of his employment and have attached a certification of scope of employment by United States Attorney Dunn Lampton. Accordingly, defendants have moved to dismiss Meacham pursuant to 28 U.S.C. § 2679(d)(1) and substitute the United States of America as defendant in place of the USDA.

motion to dismiss, asserting that plaintiff lacks standing to assert any interest in the subject real property, that he has failed to exhaust his administrative remedies under the Federal Tort Claims Act, that his fraudulent misrepresentation claim is barred by sovereign immunity, and that his contract claims should be transferred to the Court of Federal Claims. Alternatively, defendants have moved for summary judgment.

First, defendants argue that because the subject loan was to plaintiff's mother, and not to plaintiff, who was not a party to the original loan, and because plaintiff did not assume the loan following his mother's death, then plaintiff has no contractual relationship with the USDA and hence no standing to assert any interest in the subject real property. Defendants further note that while plaintiff apparently did acquire an interest in the property in 1985 by virtue of a warranty deed from his mother, Joe Harvey Tillman and Sadie Marie Tillman, he subsequently lost title to the property in February 2000 after he used the property to secure loans with other lenders and one of those lenders foreclosed upon plaintiff's default.[2] Finally, defendants submit that even though Edna Tillman also granted title to plaintiff by virtue of a warranty deed in 1998 that reserved a life estate for herself, he acquired no title at her death in 2003, over three years after the junior lienholder had foreclosed. In other words,

---

[2] According to defendants, this lender or lenders obtained junior lienholder status to the priority lien of the USDA.

they contend that plaintiff's mother did not own the property at the time of her death, and thus, any claim of heirship rights by plaintiff is barred as a result of the 2000 foreclosure.

In response, plaintiff explains that he moved in with his mother, who was suffering from Alzheimer's disease, prior to her placement in a nursing home in order to care for her. He insists that his mother deeded the property to him, reserving a life estate for herself, and maintains that at minimum, he has an equitable interest in the property. Plaintiff does not address defendants' assertions with respect to the foreclosure by a junior lienholder.

In his brief, Tillman represents that he received correspondence from the USDA following his mother's death advising him that as an heir, if he continued payments on the account, paid the taxes and insurance, and physically maintained the property, the USDA would not foreclose. Plaintiff contends that he continued making payments on the account and met all obligations, but the USDA instituted foreclosure proceedings "contrary to its representation." Attached to his response is one page of a letter from the USDA. While this letter does not exactly conform to plaintiff's representation, the document does indicate that the USDA considered plaintiff to have an "heir's interest" in the property and advised him that as an heir, he could assume the debt. In addition, the court notes that defendants' own exhibits include a handwritten letter from Kenneth Meacham, USDA's Rural

Development Manager in McComb, Mississippi, to Cathy DiBello, a representative at the USDA's Centralized Servicing Center in St. Louis, Missouri, advising her that Edna Tillman was deceased, that Steve Tillman was living in the home, and that he was "wanting to assume the loan."

These documents, considered together, at a minimum indicate that defendants suspected that plaintiff possessed an "heir's interest" in the property and that they were aware of plaintiff's occupancy of the property and his interest in assuming the loan. Having considered the respective positions of the parties, particularly in light of the court's obligation to accept plaintiff's allegations as true, the court cannot conclude that dismissal for lack of standing is appropriate. See Cramer v. Skinner, 931 F.2d 1020, 1025 (5th Cir. 1991)(citing Lujan v. National Wildlife Fed'n, 497 U.S. 871, 110 S. Ct. 3177, 3184, 111 L. Ed. 2d 695 (1990)) ("When a court considers standing on a motion for a Rule 12(b) dismissal, it must accept the allegations in the pleadings as true.").

Secondly, defendants contend that plaintiff neglected to present his claim in writing to the USDA prior to filing suit, and therefore, any tort claims advanced in the complaint should be dismissed for failure to exhaust the administrative remedies as required by the Federal Tort Claims Act (FTCA). The United States is immune from suit suit except when it waives immunity by consent. Cross v. U.S., 159 Fed. Appx. 572, 575 (5th Cir. 2005).

"The FTCA provides consent for suit against the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Id. (quoting 28 U.S.C. § 1346(b)(1)).

> Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. 28 U.S.C. § 2675(a); Transco Leasing Corp. v. United States, 896 F.2d 1435, 1441, amended on other grounds, 905 F.2d 61 (5th Cir. 1990). Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. Id. A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. Id. at 1442. No particular method of giving notice is required. Williams v. United States, 693 F.2d 555, 557 (5th Cir. 1982); Crow v. United States, 631 F.2d 28, 30 (5th Cir. 1980). The usual method, however, is by filing a Form 95 with the agency. Id.

Cook v. U.S. on Behalf of U.S. Dept. of Labor, 978 F.2d 164, 165 (5th Cir. 1992). In support of their contention, defendants have presented an affidavit from Jane C. Jones, the acting state director of USDA Rural Development, who confirms that the USDA has not received a Form 95 from plaintiff or any other written notification of a claim for money damages arising out of these circumstances.

In his response, plaintiff does not dispute that his tort claims are governed by the FTCA. Instead, he submits that the USDA was aware that he was living on the property and points out that USDA representatives visited the home on at least three occasions. He asserts that these visits were part of the

investigation which concluded in a determination that he had received unauthorized assistance in the form of loan payment subsidy.[3] However, in the court's opinion, plaintiff's argument suggests only that the USDA investigated whether or not Edna Tillman was living in the home prior to her death, as required to receive the benefit of the loan payment subsidy. There is no indication that Steve Tillman pursued any claim with the USDA or communicated any objection to the handling of the account and the pending foreclosure sale prior to the filing of this lawsuit. As such, the court concludes that plaintiff's tort claims, namely his claim for negligent misrepresentation and/or omission and his claim for breach of fiduciary duty, should be dismissed based on his failure to exhaust his administrative remedies under the FTCA.

Furthermore, defendants correctly point out that several exceptions limit the waiver of immunity under the FTCA. In particular, the intentional tort exception provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). See Cross, 159 Fed. Appx. at 575. Accordingly, the court agrees that

---

[3] Under her agreement with USDA, Edna Tillman qualified for special loan payment subsidies in the form of "interest credit/payment assistance," provided that she resided in the home. When the USDA determined that she had not occupied the residence from January 1999 to July 2003, it requested repayment of the subsidies in the amount of $12,105.54.

plaintiff's fraudulent misrepresentation and/or omission claim is barred by sovereign immunity.[4]

As for plaintiff's contract claims, such claims do not come within the purview of the FTCA, and defendants have suggested these claims should be transferred to the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2).

> The Tucker Act waives the sovereign immunity of the United States for contract claims and provides that the district courts share original jurisdiction with the Court of Federal Claims over any civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . . A plain reading of this provision indicates that district courts do not have jurisdiction over contractual claims exceeding $10,000. Rather, such claims must be brought in the Court of Federal Claims.

Stovall v. Veneman, 394 F. Supp. 2d 21, 26 (D.D.C. 2005) (citations omitted). Defendants submit that transfer is appropriate despite the fact that plaintiff did not specify the amount of damages he seeks in his complaint, because his disclosures listed compensatory damages in the amount of $80,000 (and punitive damages in the amount of $100,000) and the defendants' answer states that as of May 10, 2005, over $64,000 remains due and owing to the United States under the loan. In response, plaintiff does not address the Tucker Act, asserting only that jurisdiction is proper in the district court pursuant to

---

[4] Plaintiff does not address this exception in his response.

the FTCA. Accordingly, the court concludes that plaintiff's remaining allegations relating to the alleged breach of contract will be transferred to the United States Court of Federal Claims.

Based on the foregoing, the court concludes that defendants' motion to dismiss should be granted in part and denied in part. Plaintiff's claims for fraudulent misrepresentation and/or omission, breach of fiduciary duty and negligent misrepresentation and/or omission are dismissed. Plaintiff's remaining claims, all of which are arguably contract claims, are transferred to the United States Court of Federal Claims.[5]

The court further orders that defendant Kenneth Meacham should be dismissed from this cause pursuant to 28 U.S.C. § 2679(d)(1) and the United States of America should be substituted as defendant in this action in place of the USDA.

SO ORDERED this 13th day of April, 2006.

A TRUE COPY, I HEREBY CERTIFY.
J. T. NOBLIN, CLERK
BY: [signature]
DEPUTY CLERK

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

[5] Defendants' alternative motion for summary judgment is denied.