ORIGINAL

FILED
FEB 12 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STEVE TILLMAN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 06802C**

**UNITED STATES OF AMERICA** **DEFENDANTS**

## COMPLAINT

**COMES NOW,** Plaintiff, **Steve Tillman,** and files this complaint against the defendants, United States Department of Agricultural and Kenneth W. Meacham, The Rural Development Manager, Lincoln County, Mississippi office. In support thereof, the Plaintiff states the following:

## PARTIES

A. Plaintiff, Steve Tillman, is an adult resident of Lincoln County, Mississippi, who reside at 986 Dunn Road, Brookhaven, Lincoln County, Mississippi 39601.

B. Defendant, United States Department of Agricultural, may be served with process through its agent for process, Dunn Lampton, Esquire, The United States Attorney General, in Hinds County, State of Mississippi.

C. Defendant, Kenneth W. Meacham, The Rural Development Manger, in Lincoln County, State of Mississippi.

## VENUE AND JURISDICTION

A. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1292

B. Plaintiff's claims are brought under the laws of the United States.

## GENERAL ALLEGATIONS

A. The Plaintiff paid money to the defendants for the home that was warranted to him by his deceased mother, Edna M. Tillman.

B. That Plaintiff has made scheduled monthly payments .

C. That the defendants refused to accept certain monthly payments by the plaintiff.

D. Defendants' are now foreclosing on plaintiff's property.

E. That the defendants did not inform the heirs of their rights to said property as required by Mississippi Law.

F. Defendants' conduct constitute breach of contract, breach of implied covenants of good faith dealing, breach of fiduciary duties, fraudulent misrepresentation and/or/ or omission, and unjust enrichment.

**COUNT I**

**BREACH OF FIDUCIARY DUTIES**

A. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

B. Defendants had a duty to act in the best interest of plaintiff, by not refusing to accept payment, by not foreclosing on property, and not disregarding the rights of the heirs.

C. Defendants' breach of its fiduciary duties caused plaintiff to suffer damages of an amount to be determined at trial.

D. Additionally, by reason of the defendants' outrageous conduct, plaintiff is entitled to recover punitive damages.

**COUNT II**

**BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING**

A. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

B. In every contract, there are implied covenants of good faith and fair dealing. These implied covenants prevent one party from exercising judgment in such manner as to evade the spirit of the transaction or to deny the other party the expected benefits of the contract.

C. When plaintiff entered into the contract with defendants for continued payments for the house note, he reasonably believed that the defendant would act in good faith.

D. However, the defendant breached the implied covenants of good faith and fair dealing by evading the spirit of the transaction by refusing to accept monthly payments by plaintiff, by foreclosing on said property, and by disregarding the rights of the heirs.

E. Moreover, by engaging in the misleading and deceptive practices described herein, the defendant has successfully taken advantage of the plaintiff's lack of knowledge of the transaction.

F. As a direct and proximate result of defendant's breach of the implied covenants of good faith and fair dealing, the plaintiff has been damaged in an amount to be proven at the trial.

G.Defendants' misleading and deceptive practices thereby entitle the Plaintiff to the recovery of punitive damages.

## COUNT III

## FRAUDULENT MISREPRESENTATION AND/OR OMISSION

A. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

Defendants failed to advise plaintiff that there were penalties related to said property.

B. Defendant made the above-described and the following false, misleading and deceptive representations to plaintiff and/or omitted stating material facts in connection with the contract between the plaintiff's deceased mother and the defendants, in the following respects:

i) Defendant failed to advise Plaintiff that his payments would increase.

ii) The fraudulent misrepresentation, omission and concealment by defendant was known and deliberate and was purposely designed to deceive plaintiff into believing that defendants were accepting the payments being furnished by the plaintiff.

iii) Plaintiff reasonably believed that defendants had accurately and adequately disclosed all material facts and acted in his best interest with respect to the procurement of the said property.

iv) Defendants' fraudulent conduct was willful, wanton and malicious, thereby entitling Plaintiff to the recovery of punitive damages against Defendants.

## COUNT IV

## NEGLIGENT MISREPRESENTATION AND/OR OMISSION

A. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

B. The representations and/or omissions were made by defendant without regard for the truth and falsity.

C. Defendants made these omissions to plaintiff intending that he rely upon such omission.

D. At the time the negligent misrepresentation and omissions were made, plaintiff believed they were and were ignorant of the misrepresentations. Therefore, plaintiff had the right to rely upon, and did reasonably rely upon, the representations and/or omissions.

E. As a consequence of the negligent misrepresentations omissions, plaintiff has incurred actual and compensatory damages in an amount to be proven at trial.

F. Defendants' negligent misrepresentations and/or omissions were reckless and were made with complete disregard for the benefit of plaintiff, thereby entitling plaintiff to the recover y of punitive damages against defendants.

## COUNT V

## UNCONSCIONABILITY

A. Plaintiff adopts and incorporates herein by reference each of the proceeding paragraphs.

B. The above-described conduct, acts and omissions of the defendants constitute unconscionable practices, individually and collectively, under the UCC.

C. Defendants' unconscionable acts and practices were the proximate cause of damages to plaintiff, therefore he is entitled to recover damages.

## MOTION TO STAY FORECLOSURE

The foreclosure of said property is scheduled. Plaintiff prays that said foreclosure is stayed pending resolution of this matter.

**PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff demandS judgment in his favor and against the defendants as follows:

a. injunctive relief;

b. actual, statutory, and compensatory damages;

c. punitive damages;

d. cost of suit;

e. reasonable attorneys' fees;

f. such other and further relief as the Court deems just and proper under the circumstances.

This the 31st day of January, 2007.

Respectfully submitted,
Steve Tillman, Plaintiff

Angela T. Miller

**ANGELA T. MILLER**

**ANGELA MILLER, MSB #8398**
**MILLER AND MILLER**
**ATTORNEY'S AT LAW**
**POST OFFICE BOX 1303**
**MCCOMB, MISSISSIPPI 39649**
**(601) 249-0017**

***Certificate of Service***

I hereby certify that on February 6, 2007 I have U.S. mailed postage prepaid the above and foregoing complaint to the following:

**Felecia Adams**
**Assistant United States Attorney**
**Southern District Of Mississippi**
**One Jackson Place**
**188 East Capitol Street, Suite 500**
**Jackson, Mississippi 39201-0101**
**Telephone: (601)973-2814**
**Facsimile: (601)965-449**
**Mississippi Bar No. 1049**

Angela T. Miller

**ANGELA T. MILLER**