**No. 06-802C**
**(Judge Braden)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**STEVE TILLMAN,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:

ARTHUR PAUL BOWEN
United States Department
of Agriculture

July 23, 2007

# TABLE OF CONTENTS

ISSUES PRESENTED ........................................................................................................ 1

STATEMENT OF THE CASE ........................................................................................ 2

ARGUMENT ................................................................................................................... 4

I. Standard Of Review ..................................................................................... 4

II. This Court Does Not Possess Jurisdiction To Consider Mr. Tillman's Tort Claims Against The United States ................................................................ 5

III. Mr. Tillman's Tort Claims Are Barred By The Doctrine Of Res Judicata ............ 6

IV. This Court Lacks Jurisdiction To Entertain Mr. Tillman's Claim Because He Lacks Standing To File Suit ............................................................. 9

CONCLUSION ............................................................................................................ 11

# TABLE OF AUTHORITIES

## CASES

Amgen, Inc. V United States Int'l Trade Comm'n.
902 F.2d 1532 (Fed. Cir. 1990) .......... 5

American Nat'l Bank & Trust Co. v. United States,
22 Cl. Ct. 7 (1990) .......... 5

Estate of Akin v. United States,
31 Fed. Cl. 89 (1994) .......... 5

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007) .......... 5

Berdick v. United States,
222 Ct. Cl. 94 (1979) .......... 6

Brown v. United States,
105 F.3d 621 (Fed. Cir. 1997) .......... 1, 6

Burnett v. United States,
40 Fed. Cl. 806 (1998) .......... 5

Curry v. United States,
221 Ct. Cl. 741 (1979) .......... 6

Dynalectron Corp. v. United States,
4 Cl. Ct. 424 (1984) .......... 4

Ericskon Air Crane Co. of Wash. v. United States,
731 F.2d 810 (Fed. Cir. 1984) .......... 10

First Hartford Corp. Pension Plan & Trust v. United States,
194 F.3d 1279 (Fed. Cir. 1999) .......... 10

Foster v. Hallco Mfg. Co.,
947 F.2d 469 (Fed. Cir. 1991) .......... 7

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
463 U.S. 1 (1983) .......... 4

Goad v. United States,
46 Fed. Cl. 395 (2000) .......... 8

Gustafson v. United States,
27 Fed. Cl. 451 (1993) .......... 5

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) .......... 4

Lawlor v. National Screen Service Corp.,
349 U.S. 322 (1955) .......... 7

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) .......... 9

Martinez v. United States,
26 Cl. Ct. 1471 (1992) .......... 6

Matthews v. United States,
72 Fed. Cl. 274 (2006) .......... 10

McKinney v. United States Dep't of Treasury,
799 F.2d 1544 (Fed. Cir. 1986) .......... 4

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178 (1936) .......... 4

Montana v. United States,
124 F.3d 1269 (Fed. Cir. 1997) .......... 10

Moyer v. United States,
190 F.3d 1314 (Fed. Cir. 1999) .......... 4

Perez v. United States,
156 F.3d 1366 (Fed. Cir. 1998) .......... 4, 5

RCS Enterprises v. United States,
53 Fed. Cl. 303 (2002) .......... 7

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) .......... 4

Scheuer v. Rhodes,
416 U.S. 232 (1974) .......... 4

Simon v. East Kentucy Welfare Rights Org.,
426 U.S. 26 (1976) ........................................................................................ 6

Smithson v. United States,
847 F.2d 791 (Fed. Cir. 1988) ........................................................................ 6

Son Broadcasting, Inc. v. United States,
42 Fed. Cl. 532 (1998) ................................................................................ 10

Southern Pacific R. Co. v. United States,
168 U.S. 1 (1897) .......................................................................................... 7

Thoen v. United States,
765 F.2d 1110 (Fed. Cir. 1985) ...................................................................... 4

United States v. Sherwood,
312 U.S. 584 (1941) ...................................................................................... 1

Warth v. Seldin,
422 U.S. 490 (1975) .................................................................................... 10

Wood v. United States,
961 F.2d 195 (Fed. Cir. 1992) ........................................................................ 6

**STATUTES**

28 U.S.C. §1346(b)(1) ....................................................................................... 6

28 U.S.C. § 1491(a) ...................................................................................... 1, 6

**REGULATIONS**

7 C.F.R. § 3550.68(a)(1) ................................................................................... 2

**OTHER**

Restatement (Second) of Judgments § 24 .......................................................... 7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVE TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-802 C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Braden) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States,[1] respectfully requests the Court to dismiss Mr. Tillman's complaint for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.

**ISSUES PRESENTED**

1. Whether this Court possesses subject matter jurisdiction to entertain Mr. Tillman's tort claims.

2. Whether Mr. Tillman's tort claims are barred by the doctrine of res judicata.

3. Whether this Court should dismiss Mr. Tillman's contract claims for lack of jurisdiction because Mr. Tillman does not possess standing to bring those claims.

---

[1] The complaint names Kenneth W. Meacham as a defendant as well. Pursuant to RCFC 12(b)(2) this Court lacks personal jurisdiction over Mr. Meacham. United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); Brown v. United States, 105 F.3d 621 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

**STATEMENT OF THE CASE**

On June 2, 1983, a Rural Housing Loan in the principal amount of $36,000.00 was made by the Farmers Home Administration (now the Single Family Housing Section of Rural Development of the United States Department of Agriculture ("USDA")) to Mr. Tillman's mother, Edna M. Tillman. A 1-3.[2] The promissory note was payable in monthly installments for a period of 33 years. Id. The loan was secured by a deed of trust on Mrs. Tillman's home, filed in the office of the Chancery Clerk of Lincoln County, Mississippi. A 4-7. She received a loan payment subsidy which required that she live in the home securing the loan. 7 C.F.R. § 3550.68(a)(1). See also A 22. She resided in her home until December 14, 1998, when she was placed in a nursing home, remaining there until her death on August 3, 2003. A 8. Mr. Tillman began residing at the property with his mother at some point and remained there after she was placed in the nursing home.

On June 13, 1985, two years after the original loan was made, Joe Harvey Tillman, Sadie Marie Tillman, and his mother, Edna Tillman, conveyed an interest in the property to Mr. Tillman by virtue of a warranty deed. A 9-10. On October 7, 1998 Edna Tillman granted title to Mr. Tillman upon her death by virtue of a warranty deed that reserved a life estate for her. A 11–12. On March 30, 1993, Mr. Tillman executed a deed of trust in favor of Magnolia Federal Bank for Savings to obtain a loan. See A 13. The deed of trust was secured by the property with junior lienholder status to the priority lien of the USDA. See A 21. The deed of trust, which includes the subject property plus approximately four acres, was foreclosed by Union Planters

---

[2] "A __" refers to the appendix attached to this motion.

PMAC, Inc.[3] on January 4, 2000. A 13. Home Options, LLC, is currently the holder of fee simple title to the property. A 21. The USDA deed of trust remains a priority mortgage lien upon the property. Id.

After Mrs. Tillman's death, it was determined that she had not been entitled to $12,105.54 in the payment subsidy she received because she had not lived in her home from 1998 until her death in 2003. A 22. By letter dated June 17, 2004, the USDA informed Mr. Tillman that the account was delinquent in the amount of $12,981.84, that it was accelerated for nonpayment, and that the USDA intended to foreclose on the property. A 23-26. Payments that Mr. Tillman attempted to make after the date of acceleration were returned to him because they were not for the full amount, pursuant to Rural Development regulations. A Trustee's sale was set for March 14, 2005.

On March 14, 2005, Mr. Tillman filed suit in County Court of Pike County, Mississippi seeking an injunction of the sale and alleging breach of fiduciary duties, breach of implied covenants of good faith dealing, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, and unconscionability. A 27-32. The USDA agreed to cancel the Trustee's sale pending the outcome of the litigation. The case was removed to the United States District Court for the Southern District of Mississippi, Case No. 3:05cv228LS. A 33-34. On April 13, 2006, the district court dismissed Mr. Tillman's tort claims and transferred the breach of contract claims to this Court. A 43. In this Court, Mr. Tillman is pursuing his breach of contract claims as well as the tort claims that were dismissed by the district court.

---

[3] On October 16, 1999, Magnolia Federal Bank for Savings assigned the deed of trust to Magna Mortgage Company. Magna Mortgage Company later changed its name to Union Planters PMAC, Inc. A 13.

## ARGUMENT

### I. Standard Of Review

The Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984)(table). If the Court finds jurisdiction lacking as a matter of law, dismissal is required. Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). When considering a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court may examine relevant evidence in order to resolve any factual disputes. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Reynolds, 846 F.2d at 747. The court reviews a motion to dismiss for lack of standing as a motion for lack of subject matter jurisdiction. See McKinney v. United States Dep't of Treasury, 799 F.2d 1544, 1549 (Fed. Cir. 1986).

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). In considering such a motion, the

court assumes all well-pled factual allegations as true and makes all reasonable inferences in favor of the non-movant. See id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). In order to survive a 12(b)(6) motion to dismiss, the complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claims. See id. at 1966. Dismissal pursuant to RCFC 12(b)(6) is a dismissal upon the merits. "[D]ismissal of plaintiff's complaint . . . for failure to state a claim does not have the legal effect of divesting this court of jurisdiction," and thus operates as a final adjudication, with prejudice, upon the merits. American Nat'l Bank & Trust Co. v. United States, 22 Cl. Ct. 7, 18 (1990). Dismissal upon the grounds of res judicata is properly considered as a motion to dismiss pursuant to 12(b)(6). See Burnett v. United States, 40 Fed. Cl. 806, 809 (1998) ("An argument based on res judicata is properly considered as a motion to dismiss [for failure to state a claim] pursuant to RCFC 12(b)(4).") (citing Estate of Akin v. United States, 31 Fed. Cl. 89, 90 n.1 (1994); Gustafson v. United States, 27 Fed. Cl. 451, 452 n.1 (1993)).[4]

## II. This Court Does Not Possess Jurisdiction To Consider Mr. Tillman's Tort Claims Against The United States

It is well-settled that this Court does not possess jurisdiction to consider tort claims against the United States. This Court's jurisdictional statute, the Tucker Act, explicitly states,

[4] RCFC 12(b)(4) was redesignated as RCFC 12(b)(6) on May 1, 2002.

"The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort." 28 U.S.C. § 1491(a)(1). See also Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997). Jurisdiction to hear tort claims is exclusively granted to the United States district courts under the Federal Tort Claims Act. 28 U.S.C. §1346(b)(1). See also Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992); Martinez v. United States, 26 Cl. Ct. 1471, 1476 (1992), aff'd, 11 F.3d 1069 (Fed. Cir. 1993).

Mr. Tillman's claims for breach of fiduciary duty, for negligent misrepresentation and/or omission, and for fraudulent misrepresentation and/or omission, arise from his allegations that the USDA wrongfully refused to accept his payments on the loan following his mother's death and that the USDA did not inform the heirs of their rights to the property or of the increase in payments. Claims such as these that arise out of alleged wrongful conduct of officials in the course of discharging official duties are claims sounding in tort. See Smithson v. United States, 847 F.2d 791, 794 (Fed. Cir. 1988); Berdick v. United States, 222 Ct. Cl. 94, 99, 612 F.2d 533, 536 (1979); Curry v. United States, 221 Ct. Cl. 741, 746, 609 F.2d 980, 982-83 (1979). Therefore, this Court does not possess jurisdiction to consider Mr. Tillman's tort claims and they should be dismissed.[5]

## III. Mr. Tillman's Tort Claims Are Barred By The Doctrine Of Res Judicata

Even if Mr. Tillman's tort claims are within the subject matter jurisdiction of this Court, they are barred by the doctrine of res judicata because the United States District Court for the Southern District of Mississippi has entered a final judgment upon those claims. A fundamental

[5] Furthermore, in the district court case, Mr. Tillman did not dispute that these claims were governed by the Federal Tort Claims Act, which basically constitutes an admission by Mr. Tillman that they are tort claims. See A 40.

precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . ." Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897). Pursuant to the doctrine of res judicata, a final judgment upon the merits bars further claims by parties or their privies based upon the same cause of action. Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955). "The Federal Circuit has adopted a 'transactional' analysis for determining if the two claims are the same." RCS Enterprises v. United States, 53 Fed. Cl. 303, 307 (2002) (citing Foster v. Hallco Mfg. Co., 947 F.2d 469, 478–79 (Fed. Cir. 1991); Restatement (Second) of Judgments § 24). "'Claim' is used in the sense of the facts giving rise to the suit. . . . [A] 'claim' rests on a particular factual transaction or series thereof on which a suit is brought." Foster, 947 F.2d at 478–79 (citing Restatement (Second) of Judgments § 24).

The district court found that Mr. Tillman's tort claims were governed by the Federal Tort Claims Act ("FTCA"), which requires that the plaintiff present his claims in writing to the appropriate federal agency prior to filing suit. A 40. Because Mr. Tillman did not give notice of his claim in writing to the USDA prior to filing suit, he had failed to exhaust his administrative remedies under the FTCA and his claims for negligent misrepresentation and/or omission and for breach of fiduciary duty were dismissed. A 41. Moreover, the court found that Mr. Tillman's fraudulent misrepresentation claims were barred by sovereign immunity, as the FTCA does not apply to intentional torts, and therefore dismissed his fraudulent misrepresentation and/or

omission claim. A 41-42.[6]

The parties to both actions are the same. In his first action, Mr. Tillman filed suit against the USDA and Mr. Meacham. The district court dismissed Mr. Meacham as a defendant from the case because the allegations against him arose in the scope of his employment. The district court also substituted the United States as the defendant in place of the USDA. Thus, both actions are between the United States and Mr. Tillman.

The causes of action in each complaint are also the same. Mr. Tillman's complaint in the United States Court of Federal Claims and his complaint filed in County Court of Pike County, Mississippi (and removed to the United States District Court) are almost identical. Mr. Tillman's claims arise from the same factual transaction in each case. In both complaints, Mr. Tillman alleged that he made payments on the USDA loan, that defendants refused to accept the payments, that defendants were foreclosing on the property, and that defendants failed to inform the heirs of their rights to the property. Compl. at 2; A 28. He alleged that the government's conduct constituted breach of fiduciary duties, breach of implied covenants of good faith dealing, fraudulent misrepresentation and/or omission, negligent misrepresentation and/or omission, and unconscionability. Compl. at 2-4; A 28-31. In both complaints, he requested

[6] It is unclear from the district court's opinion whether these claims were dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Dismissals for failure to state a claim are dismissals upon the merits, and are therefore given res judicata effect. Goad v. United States, 46 Fed. Cl. 395, 397 (2000). While dismissals for lack of jurisdiction are generally considered not to be decisions upon the merits and are therefore not given res judicata effect, "dismissals for lack of jurisdiction may be given res judicata effect as to the jurisdictional issue." Id. at 398 (citing Amgen, Inc. v. United States Int'l Trade Comm'n, 902 F.2d 1532, 1536 n.5 (Fed. Cir.1990)). That is, "if the second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim." Id. As Mr. Tillman's complaint in this Court raises the same jurisdictional issues, the decision of the district court is res judicata as to those issues.

injunctive relief, actual, statutory, compensatory damages, punitive damages, cost of suit, reasonable attorneys' fees, and further relief as the court deemed just. Compl. at 5; A 31. Mr. Tillman's claims before the Court of Federal Claims and his claims before the district court are indistinguishable: arising from the same set of facts, alleging the same injuries, and requesting the same relief.

In sum, the district court case involved the same parties and the same cause of action. Furthermore, the district court entered final judgment as to the breach of fiduciary duties, fraudulent misrepresentation and/or omission, and negligent misrepresentation and/or omission claims. Accordingly, this Court is barred from considering those claims upon the basis of res judicata.

**IV. This Court Lacks Jurisdiction To Entertain Mr. Tillman's Claim Because He Lacks Standing To File Suit**

To have standing, "the plaintiff must satisfy three elements. First, the plaintiff must allege that it has suffered an 'injury in fact-an invasion of a legally protected interest.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). "Second, 'there must be a causal connection between the injury and the conduct complained of.' Id. "And third, 'it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 561 (quoting Simon v. East Kentucky Welfare Rights Org., 426 U.S. 26, 38, 43 (1976)). Mr. Tillman has failed to allege an injury in fact because he does not have any ownership interest in the property, therefore he would not be injured if the property were forfeited. Although he acquired an interest in the property when it was deeded to him in 1985, he subsequently lost title to it when he used the property to secure loans with other lenders and one of those lenders foreclosed upon the property in 2000.

Furthermore, it is the plaintiff's burden to "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." Warth v. Seldin, 422 U.S. 490, 518 (1975). "As a general proposition, the 'government consents to be sued only by those with whom it has privity of contract.'" First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (quoting Ericskon Air Crane Co. of Wash. v. United States, 731 F.2d 810, 813, (Fed. Cir. 1984)). There are exceptions to this rule. For example, despite a lack of privity, an intended third party beneficiary can sue the government for breach of contract. See Montana v. United States, 124 F.3d 1269, 1273 (Fed. Cir. 1997). However, a common aspect of the exceptions is that the "party standing outside of privity by contractual obligation stands in the shoes of a party within privity." First Hartford, 194 F.3d at 1289.

Mr. Tillman is not in privity of contract with the USDA, having not been a party to the USDA's loan agreement with his mother. The USDA gave Mr. Tillman the opportunity to assume the loan after his mother's death, but he did not do so. Although Mr. Tillman made some of the loan payments after his mother passed away, those payments were rejected, and therefore did not establish a contract between Mr. Tillman and the USDA. Accordingly, Mr. Tillman lacks standing to assert breach of implied covenants of good faith and fair dealing and unconscionability related to the loan agreement between Mrs. Tillman and the USDA, therefore, those claims should be dismissed.[7]

---

[7] Although the United States District Court for the Southern District of Mississippi declined to grant the government's motion to dismiss based upon lack of standing, A 39, each court has the obligation to examine its own jurisdiction. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006). "Jurisdiction is conferred by Congress, not by defendant's arguments in the district court proceeding and not by the district court's transfer of the case to the Court of Federal Claims." Son Broadcasting, Inc. v. United States, 42 Fed. Cl. 532, 536 (1998). Therefore, we request that this Court reconsider the issue of Mr. Tillman's standing.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ TODD M. HUGHES
TODD M. HUGHES
Deputy Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Of Counsel:

ARTHUR PAUL BOWEN
United States Department
of Agriculture

July 23, 2007

Attorneys for Defendant

# APPENDIX

TABLE OF CONTENTS

June 2, 1983 Promissory Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

June 2, 1983 Deed of Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Nursing home letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..8

June 13, 1985 Warranty Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

October 7, 1998 Warranty Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

February 28, 2000 Substituted Trustee’s Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

December 31, 2003 Special Warranty Deed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

December 7, 2005 letter re property ownership . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

March 31, 2004 USDA letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

June 17, 2004 USDA letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

Pike County Court complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .27

District Court Notice of Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .33

April 13, 2006 District Court Memorandum Opinion and Order . . . . . . . . . . . . . . . . . . . . . . . .35

CERTIFICATE OF SERVICE

I certify under that on this 23rd day of July, 2007 a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN