Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICUL. .E
FARMERS HOME ADMINISTRATION

833-6819

| KIND OF LOAN |
|---|
| Type: RH |
| Pursuant to: |
| ☐ Consolidated Farm and Rural Development Act. |
| ☒ Title V of the Housing Act of 1949. |

# PROMISSORY NOTE

| STATE |
|---|
| MISSISSIPPI |
| COUNTY |
| LINCOLN |
| CASE NO. |
| 28-43-267543020 |

Date June 2, 1985

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in BROOKHAVEN, MS,

**THE PRINCIPAL SUM OF** -----THIRTY SIX THOUSAND AND NO/100-----

**DOLLARS** ($ 36,000.00), plus **INTEREST** on the **UNPAID PRINCIPAL** of ---TEN AND THREE-QUARTERS--- **PERCENT** ( 10.75 %) **PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I. Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due on ______, 19__. Payment of Principal and later accrued Interest shall be in ______ installments as indicated in the box below;

☒ II. Principal and Interest payments shall be deferred. The interest accrued to DECEMBER 2, 1987 shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in 387 regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $ 36,000.50 and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the ______ of each ______ beginning on ______, 19__, through ______, 19__, Principal and later accrued Interest shall be paid in ______ installments as indicated in the box below;

☐ IV. Payments shall not be deferred. Principal and Interest shall be paid in ______ installments as indicated in the box below:

$ 333.00 on JANUARY 2, 19 88, and

$ 333.00 thereafter on the 2ND of each MONTH until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** THIRTY THREE ( 33 ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

*Position 2*



011
03/24/2005 THU 11:18 FAX 6018655384

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

EMMA M. TILLMAN (BORROWER) (SEAL)

(SPOUSE) (SEAL)

RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 100 | 6-2-83 | (8) $ | | (15) $ | |
| (2) $ 3 59 00 | 12-3-83 | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 36000.00 | |

☆U.S.GPO:1980-0-665-152/29

03/24/2005 THU 11:18 FAX 6019655384 KD MAILROOM 013

Donald

USDA-FmHA
Form FmHA 4
(Rev. 4-4-80)

Position 5.
BOOK 737 PAGE 287

PAID

1:00
6-2-83
3772

# REAL ESTATE DEED OF TRUST FOR MISSISSIPPI

THIS DEED OF TRUST is made and entered into by and between EDNA M. TILLMAN

residing in Lincoln County, Mississippi, whose post office address is Route 3, Box 248, Brookhaven, Mississippi 39601, grantor(s), herein called "Borrower," and JAMES R. BRADY, FmHA COUNTY SUPERVISOR,

as trustee, herein called "Trustee," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, beneficiary, herein called the "Government," and:

WHEREAS, Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note" which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| June 2, 1983 | $36,000.00 | 10.75% | June 2, 2016 |

(If the interest rate is less than ____ % for farm ownership or operating loan(s) secured by this instrument, then the rate may be changed as provided in the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s), Borrower does hereby grant, bargain, sell, convey, and assign unto trustee with general warranty the following-described property situated in the State of Mississippi County(ies) of LINCOLN :

FmHA 427-1 MS (Rev. 4-4-80)

A parcel of land containing 1.0 acres, more or less, being situated in Lot 6 (SW¼ of SE¼) of Section 33, South of Trace, Township 8 North, Range 7 East, Lincoln County, Mississippi, and being more particularly described as follows: From the SW corner of said Lot 6 run North a distance of 708.0 feet to the North side of a public paved road, thence South 75 degrees 55 minutes East 210.0 feet along the North side of said road, thence South 20.0 feet to the center of said road, thence South 83 degrees 00 minutes East 208.6 feet along the center of said road to the point of beginning, run thence North 435.0 feet, run thence South 83 degrees 00 minutes East 100.0 feet, run thence South 435.0 feet to the center of a public paved road, run thence North 83 degrees 00 minutes West 100.0 feet along the center of said road to the point of beginning.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance or condemnation of any part thereof or interest therein-all of which are herein called "the property";

IN TRUST, NEVERTHELESS, (a) at all times when the note is held by the Government, or in the event the Government should assign this isntrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors, and assigns COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any cost and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.



03/24/2005 THU 11:20 FAX 6018655384 RD MALLOUM 015

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property or any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as beneficiary hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower, will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) The power to appoint a substitute trustee is hereby granted to the Government and its assigns, to be exercised at any time hereafter, without notice and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment, whereupon the substitute trustee shall succeed to all the estates, rights, powers, and trusts herein granted to or vested in Trustee, and the former trustee or substitute trustee shall be divested thereof; and notice of the exercise of this power and any requirement of, or right to require, a bond from any trustee hereunder, are hereby waived.

(17) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(18) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, and (d) authorize and request Trustee to foreclose this instrument and sell the property as provided by law.

(19) Upon default aforesaid, at the request of the Government, Trustee may foreclose this instrument by advertisement and sale of the property as provided by law, for cash or secured credit at the option of the Government; such sale may be adjourned from time to time without other notice than oral proclamation at the time and place appointed for such sale and correction made on the posted notices; and at such sale the Government and its agents may bid and purchase as a stranger; Trustee may conduct such sale without being personally present, through a delegate authorized by trustee for such purpose orally or in writing, and Trustee's execution of a conveyance of the property or any part thereof to any purchaser at foreclosure sale shall be conclusive evidence that the sale was conducted by Trustee personally or through a delegate duly authorized in accordance herewith. If the property is situated in two or more counties, the sale may be held in any one of such counties selected by the Government in its sole discretion.

(20) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. In case the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(21) All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

(22) Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(23) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (a) neither the Borrower nor anyone authorized to act for the Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, or national origin.

(24) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Jackson, Mississippi 39201, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office shown above).

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

WITNESS the signature(s) of Borrower this 2nd day of June, 19 83.

BOOK 737 PAGE 290

Edna M. Tillman
Edna M. Tillman

STATE OF MISSISSIPPI
COUNTY OF LINCOLN } ss:

**ACKNOWLEDGMENT**

Personally appeared before me, the undersigned, a notary public in and for said County and State, the within-named Edna M. Tillman

XXXX ,

who acknowledged that ~~they~~/She signed and delivered the foregoing instrument on the day and year therein mentioned.

Given under my hand and official seal this 2nd day of June, 19 83.

(SEAL)

Norma J. Hickman
Norma J. Hickman (Signature)
Notary Public (Title)

My commission expires 8/7/86

STATE OF MISSISSIPPI, COUNTY OF LINCOLN:

I certify that this instrument was filed for record in my office at 1:00 o'clock P. M. on the 2nd day of June, 1983, and was duly recorded on the 2nd day of June, 1983. Book 737 Page 287

Witness my hand and seal this 14 day of June, 1983.

J. RONNY SMITH, Chancery Clerk
By Jeana Howard, D.C.

SANDIDGE PRINTING CO., BROOKHAVEN, MISS.

Countrybrook
Living Center

To Whom It May Concern:

Edna M. Tillman was admitted to Countrybrook Living Center on December 14, 1998, and was discharged to Silver Cross Nursing Home on November 13, 2000.

Thanks,
Business Office

Silver Cross Home
601-833-2361 P.O. 617
Brookhaven, MS. 39601
Mrs. Edna Tillman was a resident of Silver Cross from 11/30/2000 until her death on August 8, 2003.

Thank you,
[signature]
Office mgr.

525 Brookman Drive, PO Box 3369 Brookhaven, MS 39601 ▲ Tel: 601-833-23[illegible] ▲ Fax: 601-833-2358

PAID

Page 37
6/13/85
476

STATE OF MISSISSIPPI
COUNTY OF LINCOLN

WARRANTY DEED BOOK 767 PAGE 479

For and in consideration of Ten Dollars ($10.00) cash in hand paid, receipt of which is hereby acknowledged, we, the undersigned, JOE HARVEY TILLMAN and wife, SADIE MARIE TILLMAN, and EDNA MAE TILLMAN, Rt. 3, Box 656, Brookhaven, MS 39601, do hereby convey and warrant unto STEVE TILLMAN, Rt. 3, Box 656-A, Brookhaven, MS 39601, the following described land situated in Lincoln County, Mississippi, to-wit:

TOWNSHIP 8 NORTH, RANGE 7 EAST:

Section 33: A portion of Lot 6 (SW¼ of SE¼) which may be more particularly described as follows: Part 5 of the subdivision of the Tillman lands as shown by survey of E.C. Little dated 11/11/75 a copy of which is attached hereto as an exhibit and made a part hereof by reference LESS one (1) acre as described in Warranty Deed dated 4/28/77 from John Butler Tillman to Joe Harvey Tillman and wife recorded in Book 671, page 441 and LESS two (2) acres, more or less, described in Warranty Deed dated 8/23/77 from John Butler Tillman and Robert Curtis Tillman to Joe Harvey Tillman and wife, Sadie Marie Tillman, recorded in Book 673, page 699, containing three (3) acres, more or less.

LESS AND EXCEPT all of the oil, gas and other minerals.

WITNESS OUR HANDS, this the 13th day of June, 1985.

MINERAL DOCUMENTARY TAX — LINCOLN COUNTY — STATE OF MISSISSIPPI — ONE DOLLAR

Joe Harvey Tillman
Joe Harvey Tillman

Sadie Marie Tillman
Sadie Marie Tillman

Edna Mae Tillman
Edna Mae Tillman

STATE OF MISSISSIPPI
COUNTY OF LINCOLN

Personally appeared before me, the undersigned authority in and for said State and County, the within named, JOE HARVEY TILLMAN, SADIE MARIE TILLMAN and EDNA MAE TILLMAN, who acknoweldged that they signed and delivered the above Warranty Deed on the day and year therein written.

Given under my hand and seal, this the 13th day of June, 1985.

[signature]

BOOK 716 PAGE 24

BOOK 767 PAGE 480




...act of Land being Devided into Five Parts in Lot 6, being ...ted in Section 33, T8N, R7E, Lincoln County, Miss. and Particularly described as follows

STATE OF MISSISSIPPI

COUNTY OF LINCOLN BOOK 1020 PAGE 652

10:35
10-7-98
698298

WARRANTY DEED
SUBJECT TO LIFE ESTATE

For and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid, the receipt and sufficiency of which is hereby acknowledged, **EDNA MAE TILLMAN,** the undersigned, hereby sell, convey and warrant, unto **STEVE TILLMAN,** subject to a life estates to Edna Mae Tillman, the following described real property situated in Lincoln County, Mississippi:

> A portion of Lot 6 (SW 1/4 of SE 1/4) which may be more particularly described as follows: One acre in the SE corner of part 5 of the subdivision of the Tillman lands as shown by survey of E. C. Little dated November 11, 1975, a copy of which is attached hereto as an exhibit and made a part hereof by reference which one acre is described as: Commencing at SE corner of said part 5, run thence North 83 degrees West 100 feet along Ratliff Road, run thence North 435 feet, run thence South 83 degrees East 100 feet to the East line of part 5, run thence South 435 feet to the point of beginning, containing one acre, more or less.

Less and except all of the oil, gas and other minerals.

**WITNESS MY SIGNATURES,** on the 7th day of September, 1998.

Edna Mae Tillman
EDNA MAE TILLMAN

CANCELLED LINCOLN COUNTY

STATE OF MISSISSIPPI

COUNTY OF LINCOLN

**PERSONALLY CAME AND APPEARED BEFORE ME,** the undersigned authority in and for the said county and state Edna Mae Tillman, who acknowledged that they signed, executed, and delivered the foregoing instrument of writing on the day and year therein mentioned as their own free act.

**GIVEN UNDER MY HAND AND SEAL OF OFFICE** on this, the 7th day of September, A. D., 1998.

Robert E. Tyler
NOTARY PUBLIC

MY COMMISSION EXPIRES:
2001

ADDRESSES AND TELEPHONE NUMBERS:

GRANTOR: ROUTE 3, BOX 656
BROOKHAVEN, MS 39601
(601) 823-0021

BOOK 1020 PAGE 653

GRANTEES: ROUTE 3, BOX 656
BROOKHAVEN, MS 39601
(601) 823-0021

ROUTE 3, BOX 656
BROOKHAVEN, MS 39601
(601) 823-0021

PREPARED BY: CHARLES E. MILLER
MILLER AND MILLER
ATTORNEYS AT LAW
P. O. BOX 1303
MCCOMB, MS 39648
(601) 249-0017

INDEX: A portion of Lot 6 (SW 1/4 of SE 1/4) which may be more particularly described as follows One acre in the SE corner of part 5 of the subdivision of theTillman lands as shown by survey of E. C. Little dated November 11, 1975.

CHANCERY COURT LINCOLN COUNTY, MISS.

10:35
10-2-98 AM
LINCOLN COUNTY MS IN B 1020 P 652
THIS INSTRUMENT WAS FILED FOR RECORD
J. RONNY SMITH, CHANCERY CLERK
BY [signature] D.C.

BOOK 1059 PAGE 694

10:00
2-28-2000
12780

**SUBSTITUTED TRUSTEE'S DEED**

WHEREAS, **Steve Tillman, a single person,** executed a Deed of Trust to William F. Jones, trustee, for the benefit of MAGNOLIA FEDERAL BANK FOR SAVINGS, A CORPORATION, dated March 30th, 1993 and recorded in Book 904 Page 596, of the Land Deed of Trust Records on file in the office of the Chancery Clerk of Lincoln County, Mississippi at Brookhaven, Mississippi; and

WHEREAS on the 16th day of October, A.D., 1997 Magnolia Federal Bank for Savings, a corporation, assigned said Deed of Trust to Magna Mortgage Company, by Assignment recorded in Book 999 at Page 197 of the Land Deed of Trust Records on file in the office of the Chancery Clerk of Lincoln County, Mississippi at Brookhaven, Mississippi; and

WHEREAS, on the 16th day of November, A. D., 1999, the Beneficiary appointed Robert S. Murphree as Substituted Trustee, which instrument is recorded in Book 1052, at Page 641, of the Land Deed of Trust Records on file in the office of the Chancery Clerk of Lincoln County, Mississippi at Brookhaven, Mississippi; and

WHEREAS Magna Mortgage Company, Inc. has changed its name to Union Planters PMAC, Inc. by duly authorized documents recorded with the proper authorities; and

WHEREAS, default having been made in the payment of a portion of the indebtedness secured by said Deed of Trust, which default continued for a period of time necessary for the holder thereof to declare the entire unpaid balance immediately due and payable, as was its option so to do under the terms of said Deed of Trust, and default having been made in said payment and said Substituted Trustee having been requested and directed by the holder of said Deed of Trust to foreclose under the terms of said Deed of Trust, I, Robert S. Murphree, Substituted Trustee, did on the 4th day of January, 2000, within lawful hours, being between the hours of 11:00 o'clock a.m. and 4:00 o'clock p.m., at the West Front door of the Lincoln County Courthouse, located at 300 South First Street, in the City of Brookhaven, Lincoln County, State of Mississippi, offer for sale at public auction and sell to the highest and best bidder for cash, according to law, the following described real property, situate and being in Lincoln County, State of Mississippi, and being more particularly described as follows, to-wit:

TRACT I: A parcel of land containing 3.2 acres, more or less, being situated in Lot 6 (SW 1/4 of SE 1/4), of Section 33, South of Trace, T 8 N R 7 E, Lincoln County, Mississippi and being more particularly described as follows: Commencing at the NW corner of said Lot 6 (SW 1/4 of SE 1/4) of Section 33, South of Trace and run East 200.0 ft. along the north boundary of said Lot 6 to the point of beginning of property described herein;

1. Thence continue East 306.3 ft. along the north boundary of said Lot 6;
2. Thence South 756.5 ft. to a point in a public paved road;
3. Thence N 83°00'W 100.0 ft. to a point in said road;
4. Thence North 417.2 ft. along the east boundary of Joe Tillman property;
5. Thence N 83°00"W 208.6 ft. along the boundary of Joe Tillman;
6. Thence North 301.7 ft. along the boundary of Joe Tillman property to the point of beginning.

BOOK 1059 PAGE 695

together with all improvements thereon and appurtenances thereunto belonging.

Said property was sold after strictly complying with all the terms and conditions of said Deed of Trust and statutes made and provided in such cases. A notice of time, place and terms of said sale, together with a description of said property to be sold was given by publication in The Daily Leader, a newspaper published in Lincoln County, Mississippi, for four consecutive weeks preceding the date of sale. The first notice of the publication appeared on **December 14, 1999**, and subsequent notices appeared on **December 21, 1999, December 28, 1999, January 3, 2000**, and a notice identical to said published notice was posted on the bulletin board at the west front door of the Lincoln County Courthouse, located at 300 South First Street, in the City of Brookhaven, Lincoln County, State of Mississippi, for said time. The Proof of Publication is attached hereto as Exhibit "A" and made as much a part hereof as if copied out at length herein. Everything necessary to be done was done to make and effect a good and lawful sale.

At said sale, **Ole Brook Finance Company, a Corporation**, bid for said property in the amount of **$11,738.92**, being the highest and best bid, the same was then and there struck off to **Ole Brook Finance Company, a Corporation**, and it was declared the purchaser thereof.

NOW, THEREFORE, in consideration of the payment of the bid price, I, Robert S. Murphree, the undersigned Substituted Trustee, do hereby sell and convey unto **Ole Brook Finance Company, a Corporation**, the real property described above. Title to this property is believed to be good, but I convey only such title as is vested in me as Substituted Trustee.

**WITNESS MY SIGNATURE** on this the **4th** day of **January, 2000.**

Robert S. Murphree, Substituted Trustee

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me, the undersigned authority in and for said County and State, on this the **4th** day of **January, 2000**, within my jurisdiction, the within named Robert S. Murphree, Substituted Trustee, who acknowledged that he signed, executed and delivered the above and foregoing instrument on the day and year therein mentioned and in the capacity therein mentioned.

Notary Public

My Commission Expires:
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES OCT. 29, 2001
BONDED THRU STEGALL NOTARY SERVICE

[Seal: MADISON COUNTY, MS — VELVETION J. TESSAL — NOTARY PUBLIC]

Grantor's Address:

P. O. Box 370

Grantee's Address:

P. O. Box 1014

Prepared by:

BOOK 1059 PAGE 696

ROBERT S. MURPHREE
Post Office Box 370
Jackson, Mississippi 39205-0370
Telephone: 601/353-0311
MSB #3659

INDEXING INSTRUCTIONS:
Tract I: Lot 6 (SW 1/4 of SE 1/4), of Section 33, South of Trace, T 8 N R 7 E, Lincoln County, Mississippi

Tract II: Two acres in Lot 4 South of Trace, situated in Section 33, Township 8 North, Range 7 East, Lincoln County, Mississippi

## PROOF OF PUBLICATION

THE STATE OF MISSISSIPPI
Lincoln County

BOOK 1059 PAGE 697

PERSONALLY APPEARED before the undersigned Authority of the County aforesaid William O Jacobs of DAILY LEADER a newspaper printed and published in the city of Brookhaven, State and County aforesaid, who make affidavit that said newspaper was established and being published in said County for more than twelve months next to the date of the first publication hereinafter mentioned and that publication of a certain notice, a printed copy of which is hereto annexed, has been made in said newspaper for (4) four weeks consecutively as follows, to-wit:

LEGAL NOTICE

SUBSTITUTED TRUSTEE'S NOTICE OF SALE

WHEREAS, Steve Tillman, a single person, executed a Deed of Trust to William F. Jones, trustee, for the benefit of MAGNOLIA FEDERAL BANK FOR SAVINGS, A CORPORATION, dated March 30th, 1993, and recorded in Book 904, Page 596, of the Land Deed of Trust Records on file in the office of the Chancery Clerk of the Lincoln County, Mississippi at Brookhaven, Mississippi; and

WHEREAS, on the 16th day of October, A.D., 1997, Magnolia Federal Bank for Savings, a corporation, assigned said Deed of Trust to Magna Mortgage Company by Assignment recorded in Book 999, at Page 197 of the Land Deed of Trust Records on file in the office of the Chancery Clerk of Lincoln County, Mississippi at Brookhaven, Mississippi; and

WHEREAS, on the 18th day of November, A.D. 1999, the Beneficiary appointed Robert S. Murphree as Substituted Trustee, which instrument is recorded in Book 1082, at Page 641 of the Land Deed of Trust Records on file in the office of the Chancery Clerk of Lincoln County, Mississippi at Brookhaven, Mississippi; and

WHEREAS, default having been made in the payment of a portion of the indebtedness secured by said Deed of Trust and the holder of said Deed of trust having declared all of the amount due and having requested this sale for the purpose of paying said indebtedness, or as much [illegible] said sale brings;

NOW, THEREFORE, I, Robert S. Murphree, Substituted Trustee, on the 4th day of January, A.D., 2000, within legal hours, being between the hours of 11:00 o'clock a.m. and 4:00 o'clock p.m., offer for sale and will sell, at public outcry to the highest bidder for cash, at the West front door of the Lincoln County Courthouse located at 300 South First Street, in the City of Brookhaven, County of Lincoln, State of Mississippi, the following described real property, situate and being in the County of Lincoln, State of Mississippi, and being more particularly described as follows, to-wit:

TRACT I: A parcel of land containing 3.2 acres, more or less, being situated in Lot 6 (SW 1/4 of SE 1/4), of Section 33, South of Trace, T 6 N, R 7 E, Lincoln County, Mississippi and being more particularly described as follows: Commencing a the NW corner of said Lot 6 (SW 1/4 of SE 1/4) of Section 33, South of Trace and run East 200.0 ft. along the north boundary of said Lot 6 to the point of beginning of property described herein;

1. Thence continue East 306.3 ft. along the north boundary of said Lot 6;
2. Thence South 756.5 ft. to a point in a public paved road;
3. Thence N 83°00'W 100.0 ft. to a point in said road;
4. Thence North 417.2 ft. along the east boundary of Joe Tillman property;
5. Thence N 83°00'W 200.0 ft. along the boundary of Joe Tillman;
6. Thence North 301.2 ft. along the boundary of Joe Tillman property to the point of beginning.

On the 14th day of December 1999
Volume 117 Number 270

On the 21st day of December 1999
Volume 117 Number 276

On the 28th day of December 1999
Volume 117 Number 282

On the 4th day of January 2000
Volume 117 Number 288

On the ____ day of ____ 20 ____
Volume ____ Number ____

[signature]

Publisher/Gen. Mgr.

Sw[orn to and subscribed befor]e me this 14th day of January 2000

My Commission Expires May 9, 2001

Shelley F. [illegible]
Notary Public

LINCOLN

M[r.] [illegible]urphree

TO DAILY LEADER, DR.

T[o publishing advertis]ement of 662 words 4 times and making proof, $286.04

R[eceived] ____ $ ____ payment in full.

____ 19 ____

FOR DAILY LEADER

Book 1059 page 697A

AND

TRACT II: Two (2) acres in Lot 4 South of Trace more particularly described as follows: Commencing on the East line of said Lot 4 being the point of the NW corner of Lot [illegible] and the SW corner of Lot 5 and run thence South [illegible] feet to the POINT OF BEGINNING; run thence South 295.17 feet to the North line of [illegible] Road, run thence North 72 degrees West 295.17 feet; run thence North 295.17 feet, thence South 72 degrees East 295.17 feet to the POINT OF BEGINNING, containing 2 acres, more or less, being situated in Section 33, Township 8 North, Range 7 East, Lincoln County, Mississippi.

together with all improvements thereon and appurtenances thereunto belonging.

I will convey only such title as is vested in me as Substituted Trustee.

WITNESS MY SIGNATURE on [illegible] day of December, A.D., 1999.

/S/Robert B. Murphree

Robert B. Murphree, Substituted Trustee

December 14, 21, 28, 1999 January 3, 2000

2-28-2000 A.M. 10:00

LINCOLN COUNTY MS IN B 1059 P 694

THIS INSTRUMENT WAS FILED FOR RECORD

TILLMON BISHOP, CHANCERY CLERK

BY Evelyn Cade D.C.

CHANCERY COURT ★ LINCOLN COUNTY, MS

BK 1176 PG 0326

2003 9499

STATE OF MISSISSIPPI

COUNTY OF LINCOLN

***SPECIAL WARRANTY DEED***

FOR AND IN CONSIDERATION of the sum of Ten and No/100 Dollars ($10.00), cash in hand paid and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, **OLE BROOK FINANCE, a Mississippi Corporation,** the grantor, does hereby grant, bargain, sell, convey and specially warrant unto **HOME OPTIONS, LLC,** grantee, the following described property lying and being situated in the County of Lincoln, State of Mississippi, to-wit:

Tract I

A parcel of land containing 3.2 acres, more or less, being situated in Lot 6 (SW 1/4 of SE 1/4), of Section 33, South of Trace, T 8 N R 7 E, Lincoln County, Mississippi and being more particularly described at follows: Commencing at the NW corner of said Lot 6 (SW 1/4 of SE 1/4) of Section 33, South of Trace and run East 200.0 ft. along the north boundary of said Lot 6 to the point of beginning of property described herein;

1. Thence continue East 306.3 ft. along the north boundary of said lot 6;
2. Thence South 756.5 ft. to a point in a public paved road;
3. Thence N 83°00'W 100.0 ft. to a point in said road;
4. Thence North 417.2 ft. along the east boundary of Joe Tillman property;
5. Thence N 83° 00" W 208.6 ft. along the boundary of Joe Tillman;
6. Thence North 301.7 ft. along the boundary of Joe Tillman property to the point of beginning.

AND

Tract II

Two (2) acres in Lot 4 South of Trace more particularly described as follows: Commencing on the East line of said Lot 4 being the point of the NW corner of Lot 6 and the SW corner of Lot 3 and run thence South 317 feet to the POINT OF BEGINNING, run thence South 295.17 feet to the North line of Ratliff Road, run thence North 72 degrees West 295.17 feet, run thence North 295.17 feet, thence

BK1176PG0327

South 72 degrees East 295.17 feet to the POINT OF BEGINNING, containing 2 acres, more or less, being situated in Section 33, Township 8 North, Range 7 East, Lincoln County, Mississippi.

WITNESS THE EXECUTION HEREOF on this the 30 day of December, 2003.

OLE BROOK FINANCE

BY: [signature]

Office: Registered Agent

ATTEST:

BY: Lisa M. Givens

Office: Officer

STATE OF MISSISSIPPI

COUNTY OF LINCOLN

Personally appeared before me, the undersigned authority in and for the county and state aforesaid, the within named Richard K. Furr and Lisa M. Givens, who acknowledged that they are the duly elected, appointed and acting Registered Agent and Officer, respectively of OLE BROOK FINANCE, a Mississippi Corporation and that as such officers, having first been duly authorized so to do, they signed, sealed and delivered the foregoing instrument on the day and year therein mentioned as the free and voluntary act and deed of said corporation.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE, this 30 day of December, 2003.

[signature]

NOTARY PUBLIC

My Commission Expires: MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JUNE 15, 2007
BONDED THRU STEGALL NOTARY SERVICE

BK 1176 PG 0328

INDEXING INSTRUCTIONS: Lot 6 (SW 1/4 of SE 1/4), of Section 33, South of Trace, T 8 N R 7 E, Lincoln County, Mississippi; and,
Section 33, Township 8 North, Range 7 East, Lincoln County, Mississippi

Grantor's Address: P. O. Box 319, Brookhaven, MS 39602
Grantee's Address: P. O. Box 554, Brookhaven, MS 39602

Prepared By:

Jerrald L. Nations
P. O. Box 1282
Brookhaven, MS 39602
601/833/1481
MS Bar #3752

CHANCERY COURT
LINCOLN COUNTY, MISS.

STATE OF MISSISSIPPI
LINCOLN COUNTY
CERTIFY THIS INSTRUMENT
WAS FILED AND RECORDED

2003 DEC 31 PM 2:36

RECORDED IN BOOK AND PAGE
AS SHOWN
WITNESS MY HAND AND SEAL

CHANCERY CLERK

**BOERNER LAW FIRM**
A PROFESSIONAL CORPORATION

P.O. BOX 205 • 117 SOUTH RAILROAD AVENUE
BROOKHAVEN, MISSISSIPPI 39602

William David Boerner

Bradley Russell Boerner

TELEPHONE (601) 833-1128
FACSIMILE (601) 833-0161
wdb@boernerlawfirm.com
brb@boernerlawfirm.com

December 7, 2005

Felicia Adams, Esq.
Asst. U.S. Attorney
188 E. Capitol St., Ste. 500
Jackson, MS 39201-0101

RE: Tillman vs. U.S. Dept. of Agriculture, et al.

Dear Ms. Adams:

As per my telephone conference with Paul Bowen, Esq., I have agreed to provide expert witness testimony to you both in the above-mentioned litigation regarding the rural property subject in that suit.

We have made a careful examination of the land records in the Office of the Chancery Clerk of Lincoln County, Mississippi, for more than thirty-one (31) years from this date of the following described property situated in Lincoln County, Mississippi, to-wit:

> A parcel of land containing 1.0 acres, more or less, being situated in Lot 6 (SW ¼ of SE ¼) of Section 33, South of Trace, Township 8 North, Range 7 East, Lincoln County, Mississippi, and being more particularly described as follows: From the SW corner of said Lot 6 run North a distance of 708.0 feet to the North side of a public paved road, thence South 75 degrees 55 minutes east 210.0 feet along the North side of said road; thence South 20.0 feet to the center of said road, thence South 83 degrees 00 minutes East 208.6 feet along the center of said road to the point of beginning, run thence North 435.0 feet, run thence South 83 degrees 00 minutes East 100.0 feet, run thence South 435.0 feet to the center of a public paved road, run thence North 83 degrees 00 minutes West 100.0 feet along the center of said road to the point of beginning.

Based upon said examination I do hereby certify that the property is now vested in Home Options, LLC, subject to a first lien in favor of James R. Brady, FmHA, county supervisor, Trustee for the United States of America, acting through the Farmer's Home Administration, United States Department of Agriculture, by virtue of the certain Deed of Trust from Edna M. Tillman, dated June 2, 1983, and appearing of record in Book 737 at Page 287 securing an original principal amount of $36,000.00. The said property is subject to other liens and encumbrances, all of which are subordinate to the above-mentioned mortgage.

Witness my signature, this the 7th day of December 2005, at 10:00 a.m.

WILLIAM D. BOERNER, ESQ.