USDA United States Department of Agriculture

Rural Housing Service
Centralized Servicing Center
1520 Market Street, FC-244
St. Louis, MO 63166

Copy

REGULAR AND
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

EDNA M TILLMAN
986 DUNN RATCLIFF RD NW
BROOKHAVEN MS 39601-8625

03/17/04

RE: Borrower Account: 0003728579

Dear Homeowner:

The Centralized Servicing Center (CSC) has determined that you have received $ 12,105.54 of unauthorized assistance in the form of interest credit/payment assistance between the dates of 01/03/99 through 07/02/03, based on inaccurate information. The specific reason/reasons for this unauthorized assistance include the following:

7CFR 3550.68(a)(1): The borrower must personally occupy the dwelling in order to receive payment subsidy.

Not all of the information requested on 01/15/04 and 02/10/04 was received. Therefore, this office can only conclude that the total household income was too high to receive subsidy and/or the borrower was not occupying the property.

The total amount of the unauthorized assistance, which is $ 12,105.54 , must be repaid within 30 days from the date of this letter. Also, you have 30 days to consult with CSC regarding this matter. Please send the total amount within 30 days in the form of a cashiers check, money order, or bank draft check payable to Rural Development and mail to the following address:

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**CENTRALIZED SERVICING CENTER**
**ATTN: Cathy DiBello**
**1520 MARKET STREET FC-244**
**ST. LOUIS, MO 63103**

(Mire el reverso para traducción Español)

USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410

•OW000001801• L9051837

Failure to resolve this matter within 30 days may result in your loan being referred for foreclosure. Please contact Cathy DiBello directly at 1-800-349-5097, extension 1357 regarding options which may be available to you. My work hours are 7:00 a.m. to 5:30 p.m. , Monday through Friday, Central Time.

For questions regarding your account, please call our Customer Service Department toll free at 1-800-414-1226 or TDD 1-800-438-1832, from 7 a.m. to 5 p.m., Monday through Friday, Central Time. With a touch-tone telephone, the Voice Response Unit can provide automated confidential account information, seven days per week, outside of normal business hours. Please refer to your account number when you write or call us.

You also have the right to request reconsideration, mediation, or an appeal. Please see attachment for requesting any of these options.

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract); and because all or part of the applicant's income is derived from any public assistance program; or because the applicant has in good faith, exercised any rights under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission. If a person believes he or she was denied assistance in violation of this law, they should contact the Federal Trade Commission, Washington, D.C. 20580.

Sincerely,

Borrower Assistance Branch
Centralized Servicing Center

Attachment

USDA United States Department of Agriculture

Rural Housing Service
Centralized Servicing Center
P. O. Box 66827
St. Louis, MO 63166

43

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

STEVE TILLMAN
986 DUNN RATCLIFF RD NW
BROOKHAVEN MS 39601-8625

SUBJECT: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION

Dear STEVE TILLMAN

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption agreement(s) which evidence the loan(s) received by
EDNA M TILLMAN
from the United States of America, acting through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration, is now declared immediately due and payable and demand is hereby made to pay this entire indebtedness. If payment in full is not made as demanded herein, the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the indebtedness by foreclosure of its lien(s) on the described property.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| 0003728579 | 06/02/83 ✓ | 36000.00 ✓ |

This acceleration of the indebtedness is made in accordance with the authority granted in the above-described instrument(s). The reason(s) for the acceleration of the indebtedness is (are) as follows:

MONETARY DEFAULT
UNAUTHORIZED ASSISTANCE RECEIVED 01/03/97 THRU 07/02/03 IN THE AMOUNT OF $12,105.54 DUE TO INACCURATE INFORMATION

The balance of the account is $ 3885.89 unpaid principal and $ 14.88 unpaid interest, as of 06/17/04 , plus additional interest accruing at the rate of $1.1444 per day thereafter, plus additional advances to be made by the United States for the protection of its security, the interest accruing on any such advances, fees, or late charges, and the amount of any subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an Equal Opportunity Lender, Provider, and Employer. Complaints of discrimination should be sent to: USDA, Director, Office of Civil Rights. ~~ashington, DC 20250-9410

*94000007702* L905 IDSS

You may stop legal action by paying the full arrearage, rather than the total amount accelerated, plus delinquent real estate taxes and related expenses. At this time, your account(s) is (are) behind approximately $ 12981.84 . You should contact Centralized Service Center where your account(s) is(are) being serviced at 1(800)793-8861 or CSC, PO Box 66827, St. Louis, MO 63166 immediately to obtain the exact amount your account(s) is (are) behind.

You are hereby notified that unless the account(s) is (are) paid current and other violations removed or said indebtedness is paid in full within 30 days from the receipt of the notice, the United States of America may take legal action. **Payment of the indebtedness should be made by cashier's check, or postal money order payable to the Rural Housing Service and mailed to the following address:**

USDA-RHS
P.O. Box 790170
St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s). If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 07/02/04 . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

H. Neil McIntyre
Branch Chief
CSC - Chief, Collection Services Branch
Rural Housing Service
United States Department of Agriculture

Date: 06/17/04
Attachment
CC: State Office

This letter was mailed certified and regular mail on 06/17/04 .

*94000007704* L9051DS5

IN THE COUNTY COURT OF PIKE COUNTY, MISSISSIPPI

STEVE TILLMAN PLAINTIFF

VS. CIVIL ACTION NO. 05-0200

UNITED STATES DEPARTMENT OF AGRICULTURAL AND KENNETH W. MEACHAM, THE RURAL DEVELOPMENT MANAGER, McCOMB OFFICE DEFENDANTS

FILED
PIKE COUNTY, MISS.
MAR 14 2005
ROGER A. GRAVES
CIRCUIT CLERK
BY

COMPLAINT
(JURY TRIAL DEMANDED)

COMES NOW, Plaintiff, **Steve Tillman**, and file this complaint against the defendant, United States Department of Agricultural and Kenneth W. Meacham, The Rural Development Manager, McComb Office. In support thereof, the Plaintiff states the following:

PARTIES

A. Plaintiff, Steve Tillman, is an adult resident of Lincoln County, Mississippi, who reside at 986 Dunn Road, Brookhaven, Mississippi 39601.

B. Defendant, United States Department of Agricultural, may be served with process through its agent for process, Dunn Lampton, Esquire, The United States Attorney General, in Hinds County, State of Mississippi.

C. Defendant, Kenneth W. Meacham, The Rural Development Manger, in Pike County, State of Mississippi.

VENUE AND JURISDICTION

A. This Court has jurisdiction over the parties because the contract and documents were resolved in Pike County, Mississippi. The defendants' local office is located in Pike County, Mississippi.

B. Plaintiff's claims are brought under the law of the State of Mississippi.

## GENERAL ALLEGATIONS

A. The Plaintiff paid money to the defendants for the home that was warranted to him by his deceased mother, Edna M. Tillman.

B. That as of today's date, Plaintiff has made scheduled monthly payments .

C. That the defendants refused to accept the monthly payments by the plaintiff f.

D. Defendants's are now foreclosing on plaintiff's property.

E. That the defendants did not inform the heirs of their rights to said property as required by Mississippi Law.

F. Defendant conduct constitutes a breach of contract, breach of implied covenants of good faith dealing, breach of fiduciary duties, fraudulent misrepresentation and/or/ or omission, and unjust enrichment.

## CONDUCT I

## BREACH OF FIDUCIARY DUTIES

A. Plaintiff hereby adopts and incorporates by reference all proceeding paragraphs.

B. Defendants had a duty to act in the best interest of plaintiff, by not refusing to accept payment, by not foreclosing on property, and disregarding the rights of the heirs providing services and retaining the proceeds.

C. Defendants' breach of its fiduciary duties caused plaintiff to suffer damages of an amount to be determined at trial.

D. Additionally, by reason of the defendants' outrageous conduct, plaintiff is entitled to recover punitive damages.

## COUNT II

## BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

A. Plaintiff hereby adopts and incorporates by reference all proceeding paragraphs.

B. In every contract, there are implied covenants of good faith and fair dealing. These implied covenants prevent one party from exercising judgement in such manner as to evade the spirit of thc transaction or to deny the other party the expected benefits of the contract.

C. When plaintiff entered into the contract with defendant for continued payments for the house note, he reasonably believed that the defendant would act in good faith.

D. However, the defendant breached the implied covenants of good faith and fair dealing by evading the spirit of the transaction by refusing to accept monthly payments by plaintiff, by foreclosing on said property, and by disregarding the rights of the heirs.

E. Moreover, by engaging in the misleading and deceptive practices described herein, the defendant has successfully taken advantage of the plaintiff's lack of knowledge and the transaction.

F. As a direct and proximate result of defendant's breach of the implied covenants of good faith and fair dealing, the plaintiff has been damaged in an amount to be proven at the trial.

G. Defendant's misleading and deceptive practices thereby entitle the Plaintiff to the recovery of punitive damages.

## COUNT III

## FRAUDULENT MISREPRESENTATION AND/OR OMISSION

A. Plaintiff hereby adopt and incorporate by reference all preceding paragraphs.

i. Defendants failed to advice plaintiff that there were penalties related to said property.

B. Defendant made the above-described and the following false, misleading and deceptive representations to plaintiff and/or omitted stating material facts in

connection with the contract between the plaintiff's deceased mother and the defendants, in the following respects:

i) Defendant failed to advise Plaintiff that his payments would increase and returned funds.

ii) The fraudulent misrepresentation, omission and concealment by defendant was known and deliberate and were purposely designed to deceive plaintiff into believing that defendants was accepting the payments being furnished by the plaintiff.

iii) Plaintiff reasonably believed that defendants had accurately and adequately disclosed all material facts and acted in his best interest with respect to the procurement of the said property.

iv) Defendants' fraudulent conduct was willful, wanton and malicious, thereby entitling Plaintiff to the recovery of punitive damages against Defendants.

## COUNT IV

## NEGLIGENT MISREPRESENTATION AND/OR OMISSION

A. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

B. The representative and/or omission made by defendant without regard for the truth and falsity.

C. Defendants made these omissions to plaintiff intending that he reply upon such omission.

D. At the time the negligent misrepresentation and omissions were made, plaintiff believed they were and were ignorant of the representations. Therefore, plaintiff had the right to rely upon, and did reasonably rely upon, the representations and/or omissions.

E. As a consequence of the negligent misrepresentations omissions, plaintiff has incurred actual and compensatory damages in an amount to be proven at trial.

F. Defendants' negligent misrepresentations and/or omissions were reckless and were made with complete disregard for the benefit of plaintiff, thereby

entitling plaintiff to the recover y of punitive damages against defendants.

## COUNT V

## UNCONSCIONABILITY

A. Plaintiff adopts and incorporates herein by reference each of the proceeding paragraphs.

B. The above-described conduct, acts and omissions of the defendants constitute unconscionable practices, individually and collectively, under the UCC.

C. Defendants' unconscionable acts and practices were the proximate cause of damages to plaintiff, therefore he is entitled to recover damages.

## MOTION TO STAY FORECLOSURE

The foreclosure of said property is scheduled for Monday, March 14, 2005. Plaintiff prays that said foreclosure is stayed pending resolution of this matter.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demand judgment in his favor and against the defendants as follows:

a. injunctive relief:

b. actual, statutory, and compensatory damages;

c. punitive damages;

d. cost of suit;

e. reasonable attorneys' fees;

f. such other and further relief as the Court deems just and proper under the circumstances.

This the 14th day of March. 2004.

Respectfully submitted,
Steve Tillman

STEVE TILLMAN

STATE OF MISSISSIPPI

COUNTY OF PIKE

**PERSONALLY APPEARED BEFORE ME,** the undersigned authority in and for the aforesaid county and state, the within named, **Steve Tillman,** who being by me first duly sworn, states on oath that the things, matters and facts alleged, contained and set forth in the above foregoing **Complaint** are true and correct as therein stated to the best of his information, knowledge and belief.

Steve Tillman

**SWORN TO AND SUBSCRIBED BEFORE ME** this the 14th day of March, 2005.

NOTARY PUBLIC

MY COMMISSION EXPIRES:
NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Oct 20, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

PREPARED BY:

CHARLES E. MILLER, MSB #8330
MILLER AND MILLER
ATTORNEY'S AT LAW
POST OFFICE BOX 1303
MCCOMB, MISSISSIPPI 39649
(601) 249-0017

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 6 2005
J. T. NOBLIN, CLERK
BY ______ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEVE TILLMAN PLAINTIFF

VS. CIVIL ACTION NO. 3:05-cv-228TSL-AGN

UNITED STATES DEPARTMENT OF AGRICULTURE
AND KENNETH W. MEACHAM,
THE RURAL DEVELOPMENT MANAGER,
McCOMB OFFICE DEFENDANTS

## NOTICE OF REMOVAL

The Defendants, United States Department of Agriculture and Kenneth W. Meacham, the Rural Development Manager, McComb Office, by and through Dunn Lampton, United States Attorney for the Southern District of Mississippi, hereby give Notice of Removal of the above-captioned action to this Court pursuant to 28 U.S.C. §§ 1441, 1442, 1444, and 1446.

I.

This civil action was commenced against the above-named Defendants in the County Court of Pike County, Mississippi, involving claims for injunctive relief; actual, statutory, and compensatory damages; punitive damages, costs of suit; and reasonable attorneys' fees relative to assertions against Defendants including breach of contract, breach of implied covenants of good faith dealing, breach of fiduciary duties, fraudulent misrepresentations and/or omission, and unjust enrichment. The Plaintiff seeks to have the foreclosure of certain real property by the Defendants stayed pending resolution of this matter. (See Complaint at 2-5.)

II.

This action is removable to this Court by the United States under 28 U.S.C. §§ 1441, 1442, 1444, 1446, 2409a, and 2410. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1346.

III.

Contemporaneous with the filing of this Notice of Removal, counsel for the Defendants is filing a copy of said Notice with the Circuit Clerk of Pike County, Mississippi, and is giving written notice to the Plaintiff through counsel of record. No answer or other response to the Complaint has been filed by the Defendants. Attached hereto are true copies of all process, pleadings and orders (Summons and Complaint) served to date upon the undersigned counsel for the Defendants.

Respectfully submitted,

DUNN LAMPTON
UNITED STATES ATTORNEY

By: [signature]
FELICIA C. ADAMS
Assistant United States Attorney
188 East Capitol Street Suite 500
Jackson, MS 39201-0101
(601) 973-2814 (phone)
(601) 965-4409 (facsimile)
Mississippi State Bar No. 1049

**CERTIFICATE OF SERVICE**

I, hereby certify that I have this day mailed, postage prepaid, a true copy of the foregoing document as follows:

Charles E. Miller, Esq.
Miller and Miller
P. O. Box 1303
McComb, MS 39649

This the 6th day of April, 2005.

[signature]
FELICIA C. ADAMS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEVE TILLMAN PLAINTIFF

VS. CIVIL ACTION NO. 3:05cv228LS

UNITED STATES DEPARTMENT
OF AGRICULTURE AND KENNETH MEACHAM DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on motion of defendants the United States Department of Agriculture (USDA) and its employee, Kenneth Meacham, to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively, for summary judgment pursuant to Rule 56. Plaintiff Steve Tillman has responded in opposition. Having considered the memoranda of the parties, the court concludes that plaintiff's tort claims are due to be dismissed and his contact claims should be transferred to the Court of Federal Claims.

This case arises out of a Rural Housing Loan made to Edna M. Tillman, plaintiff's deceased mother, in 1983 which was secured by a deed of trust on her home. In December 1998, Edna Tillman was placed in a nursing home and remained there until her death five years later, in August 2003. It appears that at some point in time, plaintiff Steve Tillman began residing at the property with his mother and remained there after she entered a nursing home.

According to defendants, while plaintiff did make some payments on the loan, the account was delinquent and in default. Thus, in June 2004, the USDA sent plaintiff a notice of

acceleration for nonpayment and advised him of its intent to foreclose. The foreclosure sale was ultimately scheduled for March 14, 2005; however, plaintiff filed the instant lawsuit against the USDA and Kenneth Meacham[1] that same day, seeking to cancel the sale.

In his complaint, plaintiff asserts that he made payments to the USDA for his mother's home, but defendants refused to accept the payments and sought foreclosure. He contends that defendants did not "inform the heirs of their rights to said property as required by Mississippi law," and he charges that defendants' conduct constituted a breach of contract, a breach of the implied covenant of good faith and fair dealing, and a breach of fiduciary duties. He further alleges that defendants engaged in fraudulent misrepresentation and/or omission and negligent misrepresentation and/or omission and that such acts were unconscionable. In his complaint, he is seeking unspecified compensatory and punitive damages.

In light of plaintiff's suit, the USDA canceled the foreclosure sale pending resolution of the instant litigation, removed the case to this court, and subsequently filed an answer to plaintiff's complaint. Now, defendants have filed the instant

---

[1] Defendants submit that Kenneth Meacham was acting within the scope of his employment and have attached a certification of scope of employment by United States Attorney Dunn Lampton. Accordingly, defendants have moved to dismiss Meacham pursuant to 28 U.S.C. § 2679(d)(1) and substitute the United States of America as defendant in place of the USDA.

motion to dismiss, asserting that plaintiff lacks standing to assert any interest in the subject real property, that he has failed to exhaust his administrative remedies under the Federal Tort Claims Act, that his fraudulent misrepresentation claim is barred by sovereign immunity, and that his contract claims should be transferred to the Court of Federal Claims. Alternatively, defendants have moved for summary judgment.

First, defendants argue that because the subject loan was to plaintiff's mother, and not to plaintiff, who was not a party to the original loan, and because plaintiff did not assume the loan following his mother's death, then plaintiff has no contractual relationship with the USDA and hence no standing to assert any interest in the subject real property. Defendants further note that while plaintiff apparently did acquire an interest in the property in 1985 by virtue of a warranty deed from his mother, Joe Harvey Tillman and Sadie Marie Tillman, he subsequently lost title to the property in February 2000 after he used the property to secure loans with other lenders and one of those lenders foreclosed upon plaintiff's default.[2] Finally, defendants submit that even though Edna Tillman also granted title to plaintiff by virtue of a warranty deed in 1998 that reserved a life estate for herself, he acquired no title at her death in 2003, over three years after the junior lienholder had foreclosed. In other words,

[2] According to defendants, this lender or lenders obtained junior lienholder status to the priority lien of the USDA.

they contend that plaintiff's mother did not own the property at the time of her death, and thus, any claim of heirship rights by plaintiff is barred as a result of the 2000 foreclosure.

In response, plaintiff explains that he moved in with his mother, who was suffering from Alzheimer's disease, prior to her placement in a nursing home in order to care for her. He insists that his mother deeded the property to him, reserving a life estate for herself, and maintains that at minimum, he has an equitable interest in the property. Plaintiff does not address defendants' assertions with respect to the foreclosure by a junior lienholder.

In his brief, Tillman represents that he received correspondence from the USDA following his mother's death advising him that as an heir, if he continued payments on the account, paid the taxes and insurance, and physically maintained the property, the USDA would not foreclose. Plaintiff contends that he continued making payments on the account and met all obligations, but the USDA instituted foreclosure proceedings "contrary to its representation." Attached to his response is one page of a letter from the USDA. While this letter does not exactly conform to plaintiff's representation, the document does indicate that the USDA considered plaintiff to have an "heir's interest" in the property and advised him that as an heir, he could assume the debt. In addition, the court notes that defendants' own exhibits include a handwritten letter from Kenneth Meacham, USDA's Rural

Development Manager in McComb, Mississippi, to Cathy DiBello, a representative at the USDA's Centralized Servicing Center in St. Louis, Missouri, advising her that Edna Tillman was deceased, that Steve Tillman was living in the home, and that he was "wanting to assume the loan."

These documents, considered together, at a minimum indicate that defendants suspected that plaintiff possessed an "heir's interest" in the property and that they were aware of plaintiff's occupancy of the property and his interest in assuming the loan. Having considered the respective positions of the parties, particularly in light of the court's obligation to accept plaintiff's allegations as true, the court cannot conclude that dismissal for lack of standing is appropriate. See Cramer v. Skinner, 931 F.2d 1020, 1025 (5th Cir. 1991)(citing Lujan v. National Wildlife Fed'n, 497 U.S. 871, 110 S. Ct. 3177, 3184, 111 L. Ed. 2d 695 (1990)) ("When a court considers standing on a motion for a Rule 12(b) dismissal, it must accept the allegations in the pleadings as true.").

Secondly, defendants contend that plaintiff neglected to present his claim in writing to the USDA prior to filing suit, and therefore, any tort claims advanced in the complaint should be dismissed for failure to exhaust the administrative remedies as required by the Federal Tort Claims Act (FTCA). The United States is immune from suit suit except when it waives immunity by consent. Cross v. U.S., 159 Fed. Appx. 572, 575 (5th Cir. 2005).

"The FTCA provides consent for suit against the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" Id. (quoting 28 U.S.C. § 1346(b)(1)).

> Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency. 28 U.S.C. § 2675(a); Transco Leasing Corp. v. United States, 896 F.2d 1435, 1441, amended on other grounds, 905 F.2d 61 (5th Cir. 1990). Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. Id. A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. Id. at 1442. No particular method of giving notice is required. Williams v. United States, 693 F.2d 555, 557 (5th Cir. 1982); Crow v. United States, 631 F.2d 28, 30 (5th Cir. 1980). The usual method, however, is by filing a Form 95 with the agency. Id.

Cook v. U.S. on Behalf of U.S. Dept. of Labor, 978 F.2d 164, 165 (5th Cir. 1992). In support of their contention, defendants have presented an affidavit from Jane C. Jones, the acting state director of USDA Rural Development, who confirms that the USDA has not received a Form 95 from plaintiff or any other written notification of a claim for money damages arising out of these circumstances.

In his response, plaintiff does not dispute that his tort claims are governed by the FTCA. Instead, he submits that the USDA was aware that he was living on the property and points out that USDA representatives visited the home on at least three occasions. He asserts that these visits were part of the

investigation which concluded in a determination that he had received unauthorized assistance in the form of loan payment subsidy.[3] However, in the court's opinion, plaintiff's argument suggests only that the USDA investigated whether or not Edna Tillman was living in the home prior to her death, as required to receive the benefit of the loan payment subsidy. There is no indication that Steve Tillman pursued any claim with the USDA or communicated any objection to the handling of the account and the pending foreclosure sale prior to the filing of this lawsuit. As such, the court concludes that plaintiff's tort claims, namely his claim for negligent misrepresentation and/or omission and his claim for breach of fiduciary duty, should be dismissed based on his failure to exhaust his administrative remedies under the FTCA.

Furthermore, defendants correctly point out that several exceptions limit the waiver of immunity under the FTCA. In particular, the intentional tort exception provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). See Cross, 159 Fed. Appx. at 575. Accordingly, the court agrees that

---

[3] Under her agreement with USDA, Edna Tillman qualified for special loan payment subsidies in the form of "interest credit/payment assistance," provided that she resided in the home. When the USDA determined that she had not occupied the residence from January 1999 to July 2003, it requested repayment of the subsidies in the amount of $12,105.54.

plaintiff's fraudulent misrepresentation and/or omission claim is barred by sovereign immunity.[4]

As for plaintiff's contract claims, such claims do not come within the purview of the FTCA, and defendants have suggested these claims should be transferred to the United States Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2).

> The Tucker Act waives the sovereign immunity of the United States for contract claims and provides that the district courts share original jurisdiction with the Court of Federal Claims over any civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . . A plain reading of this provision indicates that district courts do not have jurisdiction over contractual claims exceeding $10,000. Rather, such claims must be brought in the Court of Federal Claims.

Stovall v. Veneman, 394 F. Supp. 2d 21, 26 (D.D.C. 2005) (citations omitted). Defendants submit that transfer is appropriate despite the fact that plaintiff did not specify the amount of damages he seeks in his complaint, because his disclosures listed compensatory damages in the amount of $80,000 (and punitive damages in the amount of $100,000) and the defendants' answer states that as of May 10, 2005, over $64,000 remains due and owing to the United States under the loan. In response, plaintiff does not address the Tucker Act, asserting only that jurisdiction is proper in the district court pursuant to

[4] Plaintiff does not address this exception in his response.

the FTCA. Accordingly, the court concludes that plaintiff's remaining allegations relating to the alleged breach of contract will be transferred to the United States Court of Federal Claims.

Based on the foregoing, the court concludes that defendants' motion to dismiss should be granted in part and denied in part. Plaintiff's claims for fraudulent misrepresentation and/or omission, breach of fiduciary duty and negligent misrepresentation and/or omission are dismissed. Plaintiff's remaining claims, all of which are arguably contract claims, are transferred to the United States Court of Federal Claims.[5]

The court further orders that defendant Kenneth Meacham should be dismissed from this cause pursuant to 28 U.S.C. § 2679(d)(1) and the United States of America should be substituted as defendant in this action in place of the USDA.

SO ORDERED this 13th day of April, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

[5] Defendants' alternative motion for summary judgment is denied.