**No. 06-802C**
**(Judge Braden)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STEVE TILLMAN,**

**Plaintiff**

**V.**

**THE UNITED STATES,**

**Defendant**

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**For the Plaintiff:**
**ANGLENETTA T. MILLER**

**Miller & Miller, Attorneys**
**116 Fifth Avenue**
**Post Office Box 1303**
**McComb, Mississippi 39649**
**Telephone: 601-249-0017**
**Facsimile: 601-249-0598**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STEVE TILLMAN** **PLAINTIFF**

**V.** **CAUSE NO.: 1:06-cv-00802SGB**

**UNITED STATES OF AMERICA** **DEFENDANT**

TABLE OF CONTENTS

PAGE

ISSUES PRESENTED..........................................................................................5

STATEMENT OF CASE......................................................................................5

ARGUMENT.........................................................................................................7

CONCLUSION ....................................................................................................10

CERTIFICATE OF SERVICE.............................................................................10

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STEVE TILLMAN** **PLAINTIFF**

**V.** **CAUSE NO.: 1:06-cv-00802SGB**

**UNITED STATES OF AMERICA** **DEFENDANT**

**TABLE OF CASES AND AUTHORITIES**

**CASES**


***Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)** **7**

***C&F Packing Co., Inc. V. I B P, Inc*. 224 F. 3d. 1296, 1306** **7**

***Ferreiro v. U. S.* 2006-5135(Fed Cir 9-14-2007** 8

***Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)** **8**

***In Re Katrina Canal Breaches Litigation*, 07-30119 (5th Cir.8-30-2007)** 7

***Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d. 1360 (Fed Cir. 2000)** 9

***Jo hnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004)** **8**

***Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)**) 7

***Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004**) 7

***Mitutoyo Corp. v. Central Purchasing*, 2006-1312 (Fed. Cir. 9-5-2007)** 9

***Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322,326 n.5 (1979)** **9**

***Stoller v. Hyperstealth Biotechnology Corp*., 05-1040 (Fed Cir. 2005)** 9

***U.S. v. Testan*, 424 U.S. 392,398 (1976)** **8**

***Universal Overall Co. v. Stonecutter Mills Corp*., <u>310 F.2d 952, 956</u>** 9

**<u>STATUTES</u>**

**The Tucker Act, 28 U.S.C §1491**(a)1 8

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**STEVE TILLMAN** **PLAINTIFF**

**V.** **CAUSE NO.: 1:06-cv-00802SGB**

**UNITED STATES OF AMERICA** **DEFENDANT**

**RESPONSE TO MOTION TO DISMISS**
**AND MEMORANDUM IN OPPOSITION**

Comes now the plaintiff, Steve Tillman, and responds in opposition to the MOTION TO DISMISS, filed herein by the defendant, the United States of America. Plaintiff respectfully requests the Court to deny defendant's motion. In support thereof plaintiff offers the following:

**ISSUES**

1. This court has jurisdiction of this cause of action.

2. Res judicata is not applicable in this case and does not operate as a bar to the claims presented by the plaintiff.

3. Mr. Tillman has standing to bring this action through his heirship interest in the property as well as through his remaining ownership interest in the property for the value in excess of the lien recovered by the holder of the second mortgage.

**STATEMENT OF THE FACTS**

Mrs. Edna Mae Tillman secured a $36,000 mortgage loan from USDA Rural Housing in

1983 for a house situated on property in Lincoln County, Brookhaven, Mississippi. At the time, Mrs. Tillman was a 69 year-old divorcee in failing health, living on a income derived solely from Social Security benefits. Relying on her children to assist her in handling her personal and business affairs, Mrs. Tillman appointed her son Steve Tillman her personal representative, giving him power of attorney to act on her behalf in any and all business and personal transactions. Mrs. Tillman also conveyed to Steve her interest in the subject real property because of her son's commitment to live nearby and care for her.

Sometime thereafter, Steve Tillman secured a second mortgage on the property which was foreclosed on prior to the institution of these proceedings. By this time, Mrs. Tillman's health had progressively worsened and her son moved into the home. She was later admitted to a skilled nursing facility and Steve Tillman maintained the home so that his mother could visit.

After the death of Edna Mae Tillman, Steve Tillman received correspondence from the local USDA Rural Housing office informing him that there were several options for resolving heirship interests in property secured by Rural Housing loans, one of which was the option to resume payment on the account, along with maintaining tax and insurance obligations as well as physically maintaining the property. A letter dated June 3, 2004 stated that if such was done by the heirs, USDA would not foreclose.

> "If heirs do not wish to sell property, or an heir does not assume the Debt, RECD (Rural Economic and Community Development) will not take any action to foreclose on the property as long as payments are paid as agreed, real estate taxes are paid, property insurance is provided, and the property is maintained. RECD will need written documentation that these requirements are met."

The principal balance due on the mortgage as of June 3, 2004 was $4,175.84. Steve

Tillman continued making payments as he had done for his mother when she was living, and met the other obligations detailed in the letter. USDA conducted an investigation of Mrs. Edna Mae Tillman's property, determined that her son had lived in the home prior to her death and demanded immediate payment in full of $12,105.54 in unauthorized assistance. When Mr. Tillman was unable to pay the additional sum added to the mortgage, USDA instituted foreclosure proceedings.

Steve Tillman then filed an action in state court in Pike County, Mississippi for breach of contract and other claims. The Defendants removed the case to federal court. The federal court's ruling on the defendant's motion for summary judgment transferred jurisdiction of this matter to the United States Court of Federal Claims.

**ARGUMENT**

**I. Standard of Review**

The request for dismissal of a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) is decided by applying the law of the regional circuit, the Fifth Circuit, in our case. ***C&F Packing Co., Inc. V. I B P, Inc*. 224 F. 3d. 1296, 1306.** A recent pronouncement on this rule by the Fifth Circuit is found in ***In Re Katrina Canal Breaches Litigation*, 07-30119 (5th Cir.8-30-2007)** which stated as follows:

> The "court accepts `all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" ***Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004**) (quoting ***Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)**). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)**. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

> allegations in the complaint are true (even if doubtful in fact)." ***Id.* at 1965** (quotation marks, citations, and footnote omitted).

The motion should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint. ***Johnson v. Johnson,* 385 F.3d 503 (5th Cir. 2004).**

**II. Jurisdiction**

According to ***Ferreiro v. U. S.* 2006-5135(Fed Cir 9-14-2007)** The Tucker Act, 28 U.S.C §1491(a)1, does not create a substantive right enforceable against the United States for money damages. ***U.S. v. Testan,* 424 U.S. 392,398 (1976).** The Court continues saying,

> "The Tucker Act merely confers jurisdiction upon the Court of Federal Claims whenever a substantive right to money damages exists. Id. In order to establish jurisdiction under the Tucker Act for a suit for money damages, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," in other words, "that source must be `money-mandating.'" ***Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).**

Steve Tillman seeks damages because of the government's action in denying him the right to his property interest by seeking to recover an excessive amount as payment for the alleged unauthorized receipt of subsidy by Mrs. Edna Mae Tillman. Mr. Tillman had legal authority over the property at the very least as an heir.

**III. Res Judicata**

***Stoller v. Hyperstealth Biotechnology Corp*., 05-1040 (Fed Cir. 2005)** discusses res judicata as it applies to bar an attempt to re-litigate the same cause of action. A judgment on the merits in the prior suit bars a second suit involving the same parties. ***Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d. 1360 (Fed Cir. 2000)**, quoting ***Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322,326 n.5 (1979).**

> ("This court has previously held that *res judicata* and collateral estoppel are not applicable where `it is apparent that all the questions of fact and law involved . . . (in the second proceeding) were not determined in the previous proceedings.'") (quoting ***Universal Overall Co. v. Stonecutter Mills Corp***., **310 F.2d 952**, **956**

When the instant case was transferred from the United States District Court there was no decision on the merits, but a judgment on a motion for summary judgment. None of the issues were adjudicated to finality in a trial on the merits. Thus, the tort claims must stand.

**A. Exhaustion of Remedies**

There were not applicable statutes or procedures mandated for the plaintiff, Steve Tillman to exhaust. Correspondence received by the plaintiff merely stated that he may request a hearing or an informal discussion. He was repeatedly told that the only thing that could be done to stop a foreclosure was to pay the amounts allegedly owed, the remaining principal on the mortgage, and the unauthorized subsidy, in full. There was no language mandating a specific procedure prior to filing a lawsuit.

**IV. Standing**

Similar to the case of ***Mitutoyo Corp. v. Central Purchasing*, 2006-1312 (Fed. Cir. 9-5-2007)** standing is proper if the party has a proprietary interest in the claim. Steve Tillman has an ownership interest in the subject property by virtue of his heirship interest. Alternatively, he also

has an interest because the property was conveyed to him by his mother and siblings. Even considering the foreclosure by the second mortgage holder, any amount derived from the foreclosure in excess of the mortgage holder's lien would be maintained by the title owner of the property, Mr. Tillman.

## CONCLUSION

For the foregoing reasons, this honorable Court should deny the motion to dismiss the plaintiff's complaint. All costs should be assessed to the defendants.

**Respectfully submitted,**

**/s/ Anglenetta Taylor Miller**

**Miller & Miller, Attorneys**
**116 Fifth Avenue**
**Post Office Box 1303**
**McComb, Mississippi 39649**
**Telephone: 601-219-0017**
**Facsimile: 601-249-0598**

## CERTIFICATE OF SERVICE

I certify under oath that on this 24th day of September, 2007 a copy of the foregoing RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ ANGLENETTA T. MILLER