IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEVE TILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-802C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Braden) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following reply to the opposition to our motion to dismiss filed by plaintiff, Steve Tillman.

Briefly, Mr. Tillman alleges in the complaint that he made payments on the USDA loan, defendants refused to accept the payments, defendants were foreclosing on the property, and defendants failed to inform the heirs of their rights to the property. Compl. at 2. In addition to asserting breach of contract claims, Mr. Tillman made an assortment of tort claims including breach of fiduciary duty, negligent misrepresentation and/or omission, and fraudulent misrepresentation and/or omission. Compl. at 2-4. Previously, Mr. Tillman had filed suit in County Court of Pike County, based upon the same claims and allegations as the Complaint filed in this Court. The case was removed to the United States District Court for the Southern District of Mississippi, which dismissed Mr. Tillman's tort claims and transferred the breach of contract claims to this Court.

## I. <u>The Standard Of Review</u>

The standard of review for determining a motion to dismiss is governed by the law set forth by the United States Court of Appeals for the Federal Circuit, not by the law set forth by the United States Court of Appeals for the Fifth Circuit, as incorrectly stated in Mr. Tillman's opposition. Opp. at 7. The appropriate standard of review for motion to dismiss for lack of jurisdiction and for failure to state of claim upon which relief can be granted is discussed in detail in the Government's motion to dismiss.

## II. <u>This Court Does Not Possess Jurisdiction To Consider Mr. Tillman's Tort Claims Against the United States</u>

As we demonstrated in our motion to dismiss, it is well-settled that this Court does not possess jurisdiction to consider Mr. Tillman's tort claims against the United States. <u>See</u> <u>Brown v. United States</u>, 105 F.3d 621, 623 (Fed. Cir. 1997). Mr. Tillman's opposition to our motion does not dispute our argument on this issue, and in fact avoids addressing this point altogether. Instead, Mr. Tillman's opposition provides a general statement that this Court possesses jurisdiction because Mr. Tillman is seeking damages for the Government's denial of his property interest, over which he has legal authority as an heir. Opp. at 8.

A case cited in Mr. Tillman's own opposition discusses this Court's jurisdictional boundaries. <u>See</u> <u>Fisher v. United States</u>, 402 F.3d 1167 (Fed. Cir. 2005); Opp. at 8. In <u>Fisher</u>, the United States Court of Appeals for the Federal Circuit explained that the Tucker Act confers jurisdiction upon the Court of Federal claims over the specified categories of actions brought against the United States and waives the Government's sovereign immunity for those action. <u>See</u> <u>id.</u> at 1172. It further explained that the causes to which the Act applies are claims for money damages against the United States "founded either upon the Constitution, or any Act of

Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages ***in cases not sounding in tort***." Id. at 1172 (quoting 28 U.S.C. § 1491(a)(1))(emphasis added).

However, Mr. Tillman fails to provide any reason, explanation, or argument as to how this Court has jurisdiction over his tort claims when this Court's jurisdictional statute specifically states otherwise. For these reasons, Mr. Tillman's tort claims for breach of fiduciary duty, negligent misrepresentation and/or omission, and fraudulent misrepresentation and/or omission should be dismissed.

## III. Mr. Tillman's Tort Claims Are Barred By the Doctrine of Res Judicata

Even assuming Mr. Tillman's tort claims are within the subject matter jurisdiction of this Court, they are barred by the doctrine of res judicata because the United States District Court for the Southern District of Mississippi has entered a final judgment upon those claims. Mr. Tillman maintains that the district court had not issued a decision on the merits of each claim because the issues were not adjudicated to finality in a trial on the merits. Mr. Tillman's argument is erroneous. The district court by dismissing Mr. Tillman's tort claims had, in fact, issued a decision on the merits of Mr. Tillman's tort claims.

"A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect." Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987). When a plaintiff has not exhausted his administrative remedies, his claim is not ripe for judicial review, and should be dismissed for failure to state a claim upon which relief can be granted. Scarseth v. United States, 52 Fed. Cl. 458, 478-80 (2002). Courts also dismiss claims against the United States for failure to state a claim upon which relief can be granted

when there is no waiver of sovereign immunity. See Goad v. United States, 46 Fed. Cl. 395 (2000).

As the court had done in Scarseth and Goad, the United States District Court for the Southern District of Mississippi had dismissed Mr. Tillman's tort claims for failure to state a claim upon which relief may be granted. A. at 43. The district court had found that Mr. Tillman's tort claims were governed by the Federal Tort Claims Act ("FTCA"), which requires that the plaintiff present his claims in writing to the appropriate federal agency prior to filing suit. A. at 40. The district court determined that Mr. Tillman had not given notice of his claim in writing to the USDA prior to filing suit and failed to exhaust his administrative remedies under the FTCA. A. at 40-41. The district court also found that Mr. Tillman's fraudulent misrepresentation claims were barred by sovereign immunity, as the FTCA does not apply to intentional torts. A. at 41-42. The district court thereby dismissed all of Mr. Tillman's tort claims.

Mr. Tillman's reliance in his opposition upon Stoller and Jet, Inc. is misplaced. See Stoller v. Hyperstealth Biotechnology Corp., 05-1040 (Fed. Cir. 2005); Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360 (Fed. Cir. 2000). He cites to both cases in support of his contention that he should not be barred from bringing his tort claims in this Court. However, both Stoller and Jet, Inc. dealt with claims brought in the second lawsuit that did not contain the same set of factual allegations as in the first lawsuit. See id. Here, Mr. Tillman does not dispute the Government's contention that the Complaint filed in this Court involved the same parties and the same cause of action as the Complaint filed in the County Court of Pike County, Mississippi (and removed to the United States District Court). Accordingly, this Court is barred from considering Mr. Tillman's tort claims and should dismiss those claims.

## IV. This Court Lacks Jurisdiction to Entertain Mr. Tillman's Claim Because He Lacks Standing to File Suit

Mr. Tillman lacks standing to bring this suit or contest the USDA's intention to foreclose on the property at issue because he has no ownership rights whatsoever to the property. Home Options, LLC, is currently the holder of a fee simple title to the property. A. at 21. "An owner in fee simple is one who has lands, tenements, or hereditaments, to hold to one's self and one's heirs forever, generally, absolutely, and simply. . . . This is property in the highest degree, and the owner is said to be seized thereof absolutely in his own right, since it belongs to him and his heirs forever." Hays' Estate v. Comm'r of Internal Revenue, 181 F.2d 169, 172 (5th Cir. 1950). Any heirship interest in the property that Mr. Tillman allegedly may have had was extinguished on January 4, 2000 when Union Planters PMAC, Inc. foreclosed on the property and the purchaser, Ole Brook Finance Company, attained title to the property. A. at 13-14. Subsequently, Ole Brook Finance Company, on December 30, 2003 conveyed a fee simple title to Home Options LLC. A. at 18-19.

Mr. Tillman asserts in his opposition that he still maintains an heirship interest in the property similar to the interest at issue in Mitutoyo Corp. v. Central Purchasing, 2006-1312 (Fed. Cir. 9-5-2007), which is a sufficient basis to have standing. However, contrary to Mr. Tillman's argument, the court in Mitutoyo did not find standing. It held that the district court did not err when it found that the licensee did not have standing to sue because the licensee did not hold any proprietary rights under the patent. See id.

Mr. Tillman has failed to establish his standing to assert breach of implied covenants of good faith and fair dealing and unconscionability related to the loan agreement between Mrs. Tillman and the USDA, and therefore, those claims should be dismissed.

**CONCLUSION**

For these reasons, we respectfully request this Court to dismiss Mr. Tillman's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ TODD M. HUGHES
TODD M. HUGHES
Deputy Director

/s/ JANE C. DEMPSEY
JANE C. DEMPSEY
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.,
ATTN: Classification Unit-
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0897
Fax: (202) 307-0972
E-mail: Jane.Dempsey@usdoj.gov

October 11, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th of October 2007, a copy of the foregoing Defendant's Reply in Support of its Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jane C. Dempsey